583 So.2d 960 (1991)
Bob C. CUNNINGHAM
v.
STATE of Mississippi.
No. 90-KA-0125.
Supreme Court of Mississippi.
July 24, 1991.
Ronnie D. Cumbest, Pascagoula, for appellant.
Mike C. Moore, Atty. Gen., Ellen Y. Dale, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and PITTMAN, JJ.
DAN M. LEE, Presiding Justice, for the Court:

I.
Bob C. Cunningham was convicted in the Jackson County Circuit Court for possession of a controlled substance, cocaine, and sentenced to three years' confinement in the custody of the Mississippi Department *961 of Corrections. Feeling aggrieved, he appeals, assigning two errors:
I. The trial court erred in denying Appellant's motion to suppress evidence prior to trial as said evidence was used against Appellant without Appellant having the ability to consent to the search or control of the contraband.
II. As there was no specific, credible evidence of Appellant's actual possession and control of the contraband in this case, the jury verdict and sentence of possession of a controlled substance is in error.
We find it unnecessary to discuss the Appellant's first assertion of error, because the Appellant's second assertion of error has merit, and it controls our resolution of this appeal. A careful review of the briefs and record reveals no evidence, other than the Appellant's physical proximity to the controlled substance, which would establish the Appellant's constructive possession of the controlled substance. In light of a well established body of case law on this issue, we have little choice but to reverse the conviction and discharge the Appellant.
In doing so, we realize if our holdings were to place police officers in the position of having to conduct absolutely perfect investigations in an imperfect world, their already difficult job of protecting the people whom they serve would become absolutely impossible. Yet, we also realize the people whom these officers serve, as well as the officers themselves, are protected by requiring criminal convictions to be supported by adequate proof.
Balancing the protections offered by vigorous enforcement of laws against the protections of requiring adequate proof in criminal convictions is one of this Court's most difficult tasks. However, when a conviction is not supported by adequate proof, as in this case, our duty is to reverse the conviction and discharge the Appellant.

II.
Mr. Cunningham was a passenger in a pick-up truck, which was owned and driven by Kelvin D. Sipp. Two officers of the Jackson County Sheriff's Department observed the truck weaving between lanes, so they pulled their patrol car behind the pick-up truck and turned on the patrol car's blue lights. Mr. Sipp did not immediately stop, so as the officers followed behind the truck, they were able to observe Mr. Cunningham turning around and looking at them through the truck's rear window, and Mr. Sipp reaching with his right hand towards the pick-up truck's floor.
Mr. Sipp stopped the truck in a parking lot, where the officers exited their car and approached the truck. One of the officers asked Mr. Sipp for his driver's license, and when Mr. Sipp unzipped a pouch which he wore around his waist, the officer observed a roll of currency, which was later counted and found to be approximately two hundred fifty dollars ($250.00). The two men were then ordered to step out of the truck, and Mr. Sipp consented to a search of his truck. One of the officers conducted the search, during which he found a pain reliever bottle sitting on the floor of the truck, just to the right, passenger-side of the transmission hub which ran through the cab. The officer opened the bottle and found it contained pieces of a rock-like substance, which was later determined to be cocaine. No drug paraphernalia or burned matches were found in the truck or upon the two men's persons, nor was any attempt made to take fingerprints from the pain reliever bottle.
Both Mr. Cunningham and Mr. Sipp denied possessing the cocaine, and they denied knowing that the cocaine was in the truck. According to Mr. Cunningham, on the day before their arrest, he and Mr. Sipp played basketball until dark, when they decided to spend the night at a friend's house. Because Mr. Sipp did not have his truck, they rode with Mr. Sipp's brother to the friend's house. The next morning they caught a right to where Mr. Sipp's truck was parked, and they had been in the truck a short time before being stopped by the two officers. Mr. Sipp testified that the reason he did not have his truck the night before the arrest was that he had loaned it to a friend.

*962 III.
The prosecution in this case was required to prove Mr. Cunningham "knowingly or intentionally" possessed the cocaine found inside the truck.[1] In Curry v. State, 249 So.2d 414 (Miss. 1971), we acknowledged a single, mechanical rule could not serve to test whether the prosecution met this standard of proof in individual cases; rather, each case must be viewed in light of its individual facts and circumstances:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. Curry at 416.
In Keys v. State, 478 So.2d 266 (Miss. 1985), we further found that "[a]n item is within one's constructive possession when it is subject to his dominion or control." Keys at 268.
A presumption of constructive possession arises against the owner of premises upon which contraband is found. Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971); Pool v. State, 483 So.2d 331, 336-337 (Miss. 1986). However, when contraband is found on premises which are not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession. As we stated in Fultz v. State, 573 So.2d 689, 690 (Miss. 1990), "the state must show additional incriminating circumstances to justify a finding of constructive possession." Similarly, in Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978), we found "[w]here the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband." Citing Sisk v. State, 290 So.2d 608, 610 (Miss. 1974); see, also, Jackson v. State, 566 So.2d 477, 476 (1990); Hudson v. State, 362 So.2d 645, 647 (Miss. 1978).
In summary, these cases establish that when contraband is found on premises, there must be evidence, in addition to physical proximity, showing the defendant consciously exercised control over the contraband, and, absent this evidence, a finding of constructive possession cannot be sustained.

IV.
The State asserts that three factors in addition to physical proximity show Mr. Cunningham exercised dominion and control over the cocaine. First, Mr. Cunningham repeatedly looked through the truck's rear window at the officers after they turned on their blue lights. We doubt anyone who has found an emergency vehicle with flashing lights behind him has not turned and looked at such vehicle. The second factor is Mr. Sipp and Mr. Cunningham were good friends, and any contraband owned by one was more likely than not owned by both. It cannot be presumed that, simply because two people associate with one another, they are accomplices in a common crime. The third factor is the testimony as to Mr. Sipp loaning the vehicle to a friend was not given to the arresting officers, and it was not believable. The testimony may well have been unbelievable, but that does not relieve the prosecution of its burden to put forth evidence connecting a passenger, who does not own the vehicle searched, with contraband found therein.

V.
Because every vehicular stop involves its own individual circumstances and nuances, which all too often include danger for police officers, it is difficult for us to determine what police officers should do at a particular stop, and we do not want to say every such stop must be conducted perfectly; nevertheless, we cannot help but speculate, *963 as we did in Fultz, why the police did not attempt to obtain fingerprints from the container of cocaine.[2]
We cannot presume that, merely because a passenger is in proximity to contraband, the passenger possesses the contraband. Indeed, we believe a good police officer would have it no other way. When the prosecution does not put forth proof of a crime, we have no alternative but to reverse and discharge.
REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] MISS. CODE ANN. § 41-29-139(c) (1990 Supp.), which provides "[i]t is unlawful for any person knowingly or intentionally to possess any controlled substance... ."
[2] "We cannot help but wonder why the police department failed to dust the trunk for fingerprints or for that matter the bags themselves." Fultz v. State, 573 So.2d 689, 691 (Miss. 1990).