758 So.2d 1091 (2000)
Frederick L. SUMRALL a/k/a Frederick Lee Sumrall a/k/a Freddie Sumrall, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01144-COA.
Court of Appeals of Mississippi.
April 25, 2000.
*1092 H.W. `Sonny' Jones Jr., Meridian, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Frederick Sumrall was convicted of one count of possession of cocaine with the intent to sell and one count of possession of marijuana with intent to sell. He was sentenced to serve concurrent terms of *1093 imprisonment of twenty-five years and three years in the custody of the Mississippi Department of Corrections. Aggrieved, Sumrall appeals and raises the following issues which are taken verbatim from his brief:
I. THE STRIKING OF FOR CAUSE FOR MARGINAL REASONS FOR THE STATE AND REFUSAL TO STRIKE FOR CAUSE FOR SIMILAR REASONS FOR THE DEFENSE WAS IMPROPER AND PREVENTED A FAIR TRIAL.
II. THE ADMISSION OF EVIDENCE OF ALLEGED CRIMINAL BEHAVIOR THAT HAD NOT RESULTED IN A CONVICTION AND WHICH WAS PART OF A SEPARATE CHARGE.
III. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A VERDICT OF GUILTY OF POSSESSION OF COCAINE WITH INTENT TO SELL OR OF GUILTY OF POSSESSION OF MARIJUANA WITH INTENT TO SELL.
Finding no reversible error, we affirm.

FACTS
¶ 2. Frederick Sumrall had been the subject of an ongoing investigation by the Wayne/Clarke/ Jasper Narcotics Task Force for two years. On June 14, 1996, Officer Cranford and Agent Jimmy Kirkman, the director of the task force, arranged a controlled buy in which a confidential informant purchased cocaine at Sumrall's residence. Cranford and Kirkman supplied the confidential informant with buy money consisting of two twenty dollar bills and one ten dollar bill all of which had been previously photocopied. At approximately 9:00 p.m. on June 14, Cranford and Kirkman sent the informant to Sumrall's residence to purchase cocaine. The informant entered Sumrall's residence wearing a body wire, while Cranford and Kirkman kept the informant under surveillance. When the informant returned, he delivered to the officers two pieces of crack cocaine purchased with the task force currency.
¶ 3. The next day, June 15, 1996, Lieutenant William J. Waller, Officer C.J. Cranford and Agent Jimmy Kirkman obtained a search warrant to search 101 A Bay Street, Sumrall's residence. The affidavit for the search warrant alleged that cocaine and marijuana were kept, stored and sold by Sumrall and others at Sumrall's residence. The statement of the underlying facts and circumstances to establish the grounds for the issuance of the search warrant was based upon information furnished by the informant the day before, and law enforcement officers who claimed to have purchased illegal drugs from Sumrall in the past. The magistrate found that probable cause existed to issue the search warrant.
¶ 4. The warrant was executed shortly before 9:00 a.m. on June 15, 1996. During the course of the search, the officers found twenty-six pieces of crack cocaine, marijuana, a scanner tuned to the local law enforcement frequencies, small miniature scales which measured grams, and ziplock plastic bags routinely used to package illegal drugs. The officers also seized approximately $948 from Sumrall's pants pocket and billfold. Forty dollars of the previously recorded task force currency was found among the cash seized from Sumrall's pocket.
¶ 5. This appeal stems from Sumrall's conviction from the drugs obtained pursuant to the search. He was not indicted for the cocaine sold to the informant on June 14, 1996.

ANALYSIS OF THE ISSUES PRESENTED

I. Did the trial court err by striking jurors for cause?
¶ 6. Sumrall's statement of the issues asserts that the trial court erred by *1094 striking jurors for cause for marginal reasons on behalf of the State and refusing to strike for similar reasons on his behalf. This proposition, however, is unargued in the brief and unsupported by authority. Where an assignment of error is not discussed in the briefs, it is considered abandoned and waived. Magee v. State, 542 So.2d 228, 234 (Miss.1989). We conclude that Sumrall has abandoned this issue; therefore, we will not consider it further.

II. Did the trial court err in admitting evidence of alleged prior criminal behavior that had not resulted in a conviction and which was a part of a separate charge?
¶ 7. Immediately after the opening arguments, the trial court held that the evidence of the June 14th sale was relevant. The trial judge stated the following:
With respect to where the money came from the day before, this is a 404(b) motion. It would be admissible showing intent or plan as part of this whole transaction. And in ruling, I have to also go to Rule 403. It would be more probable than prejudicial, so I am going to allow it in. I am not going to allow the prior felony conviction in. Because as I understand, a prior conviction is admissible only to show credibility. And I am limited on that, and that would not be admissible.
The State proceeded to produce evidence of the June 14, 1996, drug transaction by establishing that Sumrall sold cocaine to the informant for $50 in recorded bills, which were recorded on June 14, 1996, and that $40 of this money was found in Sumrall's pocket during the search conducted on June 15, 1996.
¶ 8. After the trial judge had previously ruled that the May 1996 conviction was inadmissible, the State, at the conclusion of Agent Kirkman's testimony, reiterated its motion and argued that in light of Sumrall's introduction into evidence the statement of facts and circumstances underlying the search warrant that the State should be allowed to present evidence of the prior conviction under M.R.E. 404(b). In the statement, the officers averred that "on dozens of occasions, confidential informants and sworn law enforcement officers have purchased cocaine from Sumrall and others at Sumrall's residence." The trial judge agreed with the State and allowed the State to recall Agent Kirkman to testify about the prior conviction. In accepting the State's argument, the trial court ruled that the jury had already heard evidence regarding the statement and that further testimony on the conviction would be more probative than prejudicial.
¶ 9. The relevancy and admissibility of evidence are within the discretion of the trial court and reversal may be had only where that discretion has been abused. Smith v. State, 656 So.2d 95, 98 (Miss.1995). The discretion of the trial judge must be exercised within the boundaries of the Mississippi Rules of Evidence. Id. Unless the trial judge so abused his discretion as to prejudice the accused's case, we will not reverse his ruling. Id.
¶ 10. Sumrall contends that the trial court erred in allowing the State to make allegations about prior bad acts, over his objection, during the voir dire, opening argument, and closing argument. Sumrall also argues that the trial court erred in allowing the State to introduce evidence at trial of the June 14th drug transaction and a May 1996 conviction for the sale of cocaine. Sumrall argues that the June 14th drug sale and the June 15th drug sale were not a part of the same transaction. The June 15th drug sale was the subject of the trial, and Sumrall contends that evidence of the June 14th drug sale should not have been admitted at trial. Additionally, Sumrall argues that the June 14th drug transaction and the May 1996 conviction were not relevant to any transaction or crime committed on June 15th, and thus should not have be admitted into evidence.
¶ 11. M.R.E. 404(b) provides:

*1095 (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
¶ 12. Evidence of prior involvement in the drug trade is admissible under M.R.E. 404(b) to prove intent to distribute if it passes the M.R.E. 403 filter and is accompanied by a limiting instruction. See Holland v. State, 656 So.2d 1192, 1196 (Miss.1995); Swington v. State, 742 So.2d 1106, 1111 (Miss.1999). Evidence of prior convictions is also admissible under M.R.E. 404(b) to prove intent to distribute in subsequent sales by the defendant. See Swington v. State, 742 So.2d 1106, 1111 (Miss.1999); Mitchell v. State, 754 So.2d 519 (¶ 17) (Miss.Ct.App.1999). As stated, the trial judge found that the June 14th sale and May 14th conviction were relevant under M.R.E. 404(b) to show "intent or plan as part of this whole transaction." Further, the trial judge expressly considered Rule 403 and granted a limiting instruction which was given to the jury in the form of a jury instruction. We find that the trial court did not err in admitting the evidence of prior criminal acts under rule 404(b).
¶ 13. Sumrall argues that it is a well settled rule that proof of criminal conduct other than that described in an indictment is inadmissible because of its prejudicial effect on the jury. See Tucker v. State, 403 So.2d 1274 (Miss.1981); Mason v. State, 429 So.2d 569 (Miss.1983). Sumrall continues this argument by stating evidence of other crimes is not admissible unless the other crimes are related in time, place and fact. See Neal v. State, 451 So.2d 743 (Miss.1984); Davis v. State, 431 So.2d 468 (Miss.1983). We agree that the general rule proscribes the admission of evidence of criminal conduct other than that described in the indictment; however, the proposition that other crimes must be interrelated is not the only exception. The admission of other crimes evidence to prove intent is also an exception to the general rule. See Smith, 656 So.2d at 99.

III. Was the evidence sufficient to support a verdict of guilty of possession of Cocaine with intent to sell or of guilty of possession of Marijuana with intent to sell?
¶ 14. Lastly, Sumrall challenges the legal sufficiency of the evidence supporting the verdict. When determining whether the evidence is legally sufficient to sustain the verdict, we must consider the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The credible evidence consistent with guilt must be accepted as true. Id. The State must be given the benefit of all favorable inferences that may be drawn from the evidence. Id. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 15. We are mindful that evidence of past drug sales alone is insufficient to prove intent to distribute. See Holland, 656 So.2d at 1196. However, in the case sub judice, the State produced sufficient evidence to prove intent. At trial, the State produce evidence that Sumrall sold cocaine to an informant on June 14th for $50 in recorded bills on the day before the search, and on the day of the search, which was approximately 12 hours after the sale, $40 of the recorded bills was found in Sumrall's pockets. Additionally, during the course of the search, the officers found twenty-six pieces of crack cocaine, marijuana, a scanner tuned to the local law enforcement frequencies, small miniature scales which measured grams, and ziplock plastic bags routinely used to package illegal drugs. The officers also seized approximately *1096 $948 from Sumrall's pants pocket and billfold. There was sufficient evidence to show intent on the part of Sumrall.
¶ 16. Sumrall asserts that the State failed to prove constructive possession, that is, the State failed to prove ownership of the premises upon which the contraband was found. We disagree.
¶ 17. The Mississippi Supreme Court has held that there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. Cunningham v. State, 583 So.2d 960 (Miss.1991) Possession does not have to be actual physical possession. Id. Constructive possession may be shown by establishing dominion or control. Id. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. Id. The general rule is that a presumption of constructive possession arises against the owner of the premises upon which contraband is found. Id. However, when contraband is found on premises which are not owned by a defendant, mere physical proximity to the contraband, alone, does not show constructive possession. Id. The State must show additional incriminating circumstances to justify a finding of constructive possession. Id. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband. Id.
¶ 18. In the case sub judice, the State produced evidence that during the investigating officers' two-year surveillance of Sumrall, Sumrall had been the constant occupant of the premises. No other testimony was presented to prove that others occupied the residence as a matter of regularity. There was ample evidence on the record to prove that Sumrall was in possession and control of the residence. Further, the State presented additional incriminating circumstances such as the recorded bills found in the defendant's pocket at the search scene. Sumrall's argument lacks merit.
¶ 19. THE JUDGMENT OF CLARKE COUNTY OF CONVICTION ON COUNT I OF POSSESSION OF COCAINE WITH INTENT AND SENTENCE TO SERVE A TERM OF (25) YEARS; COUNT II OF POSSESSION OF MARIJUANA UNDER ONE (1) OUNCE WITH INTENT AND THREE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THESE SENTENCES TO RUN CONCURRENT TO EACH OTHER BUT CONSECUTIVE TO ANY OTHER SENTENCE, AND TO PAY FINE OF $5,000 ON COUNT I AND $1,000 ON COUNT II WITH THE FINE IN COUNT II SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.