912 So.2d 1044 (2005)
Marlos Rodrecus MAGEE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02127-COA.
Court of Appeals of Mississippi.
April 12, 2005.
*1046 Austin R. Nimocks, Biloxi, attorney for appellant.
Office of the Attorney General, by Scott Stuart, Jackson, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court:
¶ 1. Marlos Rodrecus Magee was convicted of possession of cocaine under Mississippi Code Annotated section 41-29-139(c)(1) (Rev.2001) in the Circuit Court of Harrison County and sentenced to five years imprisonment. Aggrieved by his conviction and sentence, Magee has filed this appeal.
¶ 2. On appeal, Magee raises the following assignments of error:
I. THE MULTIPLE CUMULATIVE ERRORS COMMITTED BY THE CIRCUIT COURT AND APPELLANT'S COUNSEL DURING THE TRIAL OF THIS MATTER UNDULY PREJUDICED THE APPELLANT, THEREBY PREVENTING HIM FROM OBTAINING A FAIR TRIAL.
1. THE CIRCUIT COURT ERRED IN PROPERLY INSTRUCTING THE JURY AS TO THE FACTS AND THE LAW.
A. THE CIRCUIT COURT ERRED IN GIVING INSTRUCTION S-2A AS PRESENTED AND FAILING TO INSTRUCT THE JURY ON THE SIGNIFICANCE OF THE DEFENDANT'S *1047 PROXIMITY TO THE CONTROLLED SUBSTANCE.
B. THE CIRCUIT COURT ERRED IN REFUSING TO GIVE INSTRUCTIONS D-6 AND D-7 AND FAILING TO INSTRUCT THE JURY REGARDING THE INTENTIONAL DESTRUCTION OF EVIDENCE BY THE DETECTIVE WHO ARRESTED THE DEFENDANT.
C. THE CIRCUIT COURT ERRED IN REFUSING TO GIVE INSTRUCTION D-1 AND FAILING TO INSTRUCT THE JURY AS TO THE LAW REGARDING WHAT IT MEANT TO INTENTIONALLY POSSESS A CONTROLLED SUBSTANCE.
D. THE CIRCUIT COURT ERRED IN REFUSING TO GIVE INSTRUCTION D-4 AND FAILING TO INSTRUCT THE JURY AS TO THE APPELLANT'S THEORY OF THE CASE.
E. THE CIRCUIT COURT ERRED IN REFUSING TO GIVE INSTRUCTION D-5 AND FAILING TO INSTRUCT THE JURY REGARDING THE TESTIMONY OF DETECTIVE DEDEAUX, THE ONLY DIRECT EVIDENCE OF POSSESSION IN THIS MATTER.
II. THE CIRCUIT COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR A DIRECTED VERDICT AND SUBSEQUENT MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE THE EVIDENCE PRESENTED BY THE STATE OF MISSISSIPPI CONTAINED AN IRRECONCILABLE CONFLICT.
III. THE CIRCUIT COURT ERRED IN MAKING VARIOUS EVIDENTIARY RULINGS.
A. THE CIRCUIT COURT ERRED IN TWO RULINGS REGARDING SPECULATIVE EVIDENCE.
B. THE CIRCUIT COURT ERRED IN REFUSING TO ALLOW THE APPELLANT TO CHALLENGE THE CREDIBILITY OF THE STATE OF MISSISSIPPI'S FORENSIC DRUG EXPERT.
C. THE CIRCUIT COURT ERRED IN ALLOWING THE COCAINE AT ISSUE INTO EVIDENCE GIVEN THE IRREGULARITIES EXISTENT IN THE CHAIN OF CUSTODY.
D. THE CIRCUIT COURT ERRED IN DISALLOWING THE APPELLANT'S INQUIRY INTO THE DRUG HABITS BY OTHER PERSONS WHO REGULARLY USED THE VEHICLE IN WHICH THE COCAINE AT ISSUE WAS LOCATED.
IV. THE CIRCUIT COURT ERRED IN NOT REFORMING ITS SENTENCE OF THE DEFENDANT AS THE SENTENCE GIVEN WAS DISPROPORTIONATE TO THE SENTENCES OF OTHER INDIVIDUALS SIMILARLY SITUATED.
V. THE CIRCUIT COURT ERRED IN REMOVING VENIREMAN FOR CAUSE WHEN NO CAUSE FOR REMOVAL EXISTED.
VI. THE APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE AND SAID INEFFECTIVENESS RESULTED IN ACTUAL PREJUDICE TO THE APPELLANT.
A. TRIAL COUNSEL FAILED TO OBJECT TO MULTIPLE LEADING QUESTIONS AND ALLOWED THE PROSECUTOR TO TESTIFY.
B. TRIAL COUNSEL FAILED TO OBJECT TO HEARSAY.
¶ 3. This Court finds no error and affirms the judgment of the circuit court.

*1048 FACTS
¶ 4. On March 15, 2001, while driving his girlfriend's car, Magee rear-ended a Harrison County deputy sheriff's car. Because he had no driver's license, Magee was taken into custody and transported to the police station. The vehicle Magee was driving was impounded and an inventory search was conducted at the scene of the accident. During the inventory search, Office Tim Huguet found a purple Crown Royal bag stuffed beside and partially under the driver's seat. Officer Huguet believed the substance found in the bag was cocaine and conducted a field test to confirm his suspicions. The substance was later weighed and confirmed to be 0.8 grams of cocaine.
¶ 5. Detective Ricky Dedeaux of the Mississippi Bureau of Narcotics questioned Magee for approximately one hour. According to Dedeaux, Magee confessed to possession of the cocaine. At trial, Magee denied confessing to Dedeaux.

DISCUSSION

1. THE CIRCUIT COURT ERRED IN PROPERLY INSTRUCTING THE JURY AS TO THE FACTS AND THE LAW.
¶ 6. The Mississippi Supreme Court has held that "[i]n determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Coleman v. State, 697 So.2d 777, 782 (Miss. 1997), citing Collins v. State, 691 So.2d 918 (Miss.1997). A trial court may refuse an instruction which incorrectly states the law, is covered elsewhere in the instructions, or is without foundation in the evidence. Smith v. State, 802 So.2d 82, 88 (Miss.2001).

A. INSTRUCTION S-2A
¶ 7. Magee argues that the court erred in giving Instruction S-2A. He contends that the court should have instructed the jury on the significance of his proximity to the controlled substance. He argues that proximity is a material and essential element of a case of constructive possession.
¶ 8. Instruction S-2A told the jury that they must find that the evidence supported a finding that Magee "was aware of the presence of the particular substance and was intentionally and consciously in possession of it." Magee's theory was that he did not know that the drugs were in the car. This instruction was consistent with that theory.
¶ 9. "[M]ere physical proximity to the contraband does not, in itself, show constructive possession," as stated in Cunningham v. State, 583 So.2d 960, 962 (Miss.1991). However, in this case, there were other factors in this case to be considered by the jury. Unlike the situation in Cunningham, Magee was the sole occupant of the vehicle where the drugs were found. There was testimony that the bag containing the drugs was visible upon looking in the car, in addition to the testimony that Magee confessed to possession of the drugs.
¶ 10. This Court does not find that the trial court erred in granting the instruction.

B. Instructions D-6 and D-7
¶ 11. Magee argues that his instructions on the destruction of evidence should have been granted. Detective Dedeaux stated that after filing his report, he destroyed his handwritten notes regarding Magee's alleged confession. According to Magee, Dedeaux's destruction of those notes was the spoilation of evidence.
*1049 ¶ 12. In order to be entitled to a jury instruction on lost or destroyed evidence, the appellant must show that the lost or destroyed evidence would have played a significant role in his defense and that comparable evidence could not be obtained elsewhere. Northup v. State, 793 So.2d 618, 623(¶ 17) (Miss.2001). "To play a significant role, the exculpatory nature and value of the evidence must be apparent before the evidence was lost." Id. The court in Northup cited the United State Supreme Court case of California v. Trombetta, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), noting that consideration must also be given to "whether the government agents had acted in good faith and in accordance with normal practices. . . ." Northup, 793 So.2d at 623(¶ 18).
¶ 13. Magee has failed to show that the destroyed notes were either exculpatory or significantly different from Detective Dedeaux's finished report. There is no indication of bad faith or that this was not a normal procedure. Magee has failed to show that he was entitled to these instructions.

C-D. Instructions D-1 and D-4
¶ 14. Magee combines these two sub-parts for purpose of argument.
¶ 15. Magee contends that the court erred in denying Instructions D-1 and D-4. D-1 would have told the jury that Magee's defense was that he did not know the drugs were in the car, and that even if he was unreasonably ignorant of the presence of the drugs that this was a defense. D-4 would have told the jury that if there were facts susceptible of two interpretations that they should resolve the doubt in favor of Magee.
¶ 16. Magee correctly states that the State must prove intent. In fact, the State must prove intent beyond a reasonable doubt and mere suspicion of intent cannot support a conviction. Holland v. State, 656 So.2d 1192, 1195 (Miss.1995). Instruction S-1 required that the jury find that Magee possessed the drugs both "wilfully" and "knowingly." It was not necessary for the court to grant two instructions covering the same question. Triplett v. State, 672 So.2d 1184, 1186-87 (Miss.1996).
¶ 17. Because there was testimony that Magee admitted possession of the cocaine, the two theory or circumstantial evidence instruction, D-4, would not be applicable to this case and was properly rejected.

E. Instruction D-5.
¶ 18. Magee argues that the court should have granted Instruction D-5, which would have given the jury guidance on how his alleged confession was to be considered. He argues that the only direct evidence of possession was his alleged confession to Detective Dedeaux. He contends that because Detective Dedeaux was impeached during cross-examination by inconsistencies in his testimony and the lack of documentation regarding the confession, and because Magee directly denied making the confession during his testimony and presented his version of what occurred when he was interrogated by Detective Dedeaux, Instruction D-5 should have been given. Citing Ray v. State, 864 So.2d 1031, 1034 (Miss.Ct.App.2004), Magee contends that he was entitled to an instruction on his theory of the case.
¶ 19. The State correctly argues that Instruction D-5 was covered by other instructions on the evaluation of the evidence. In Cork v. State, 851 So.2d 430, 436 (Miss.Ct.App.2003), this Court stated that it was not error to refuse an instruction on the use of a confession when the same charge was given in other instructions. That same principle applies here, *1050 and we find no error in refusing the instruction.

II. THE CIRCUIT COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR A DIRECTED VERDICT AND SUBSEQUENT MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT
¶ 20. The standard of review for denial of a motion for directed verdict or for judgment notwithstanding the verdict is the same. Alford v. State, 656 So.2d 1186, 1189 (Miss.1995). Once the jury has returned a guilty verdict, neither the trial court nor this Court is at liberty to direct that the defendant be found not guilty unless it is convinced that no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty, when the evidence is viewed in the light most favorable to the verdict. Conners v. State, 822 So.2d 290, 293 (¶ 6) (Miss.Ct.App.2001). This Court must consider as true all evidence consistent with the defendant's guilt, and the State must be given the benefit of all favorable inferences. McClain v. State, 625 So.2d 774, 778 (Miss.1993). It is not for this Court to pass on the credibility of witnesses, and where the evidence justifies the verdict, it must be accepted as having been found worthy of belief. Grooms v. State, 357 So.2d 292, 295 (Miss.1978).
¶ 21. Magee's argument is that Exhibit 1, the cocaine, was not properly authenticated and "the irreconcilable conflict in the testimony regarding Exhibit 1... requires a dismissal." Officer Huguet testified that the cocaine at trial was not in the same form as when he saw it in the Crown Royal bag because it was then "more of a rock, individually rock form. After a while people handling, crime lab and stuff, it comes pushed together." Detective Dedeaux testified that the cocaine was in the same condition as when he received it.
¶ 22. The case cited by Magee, Tyler v. State, 478 So.2d 315, 317 (Miss.1985) does not support this argument. In Tyler, ten tablets were found, two were then tested, leaving eight. Nine tablets were introduced into evidence. In the present case, the cocaine which had originally been first seen in more of a rock form was more like powder as a result of being handled. This is not unusual and does not create an irreconcilable conflict. This issue was properly resolved by the jury.

III. THE CIRCUIT COURT ERRED IN MAKING VARIOUS EVIDENTIARY RULINGS.
¶ 23. The admissibility of evidence rests within the trial court's discretion. Harvey v. State, 666 So.2d 798, 800 (Miss.1995). As long as the trial court applies the correct legal standard, this Court will not overturn findings by the trial court unless they are clearly erroneous. See Neal v. State, 451 So.2d 743, 753 (Miss.1984).

A. TWO RULINGS REGARDING SPECULATIVE EVIDENCE.
¶ 24. Magee argues that the court erred in allowing Detective Dedeaux to testify that Magee signed his advice of rights form "freely and voluntarily." Magee argues that Dedeaux was not a mind reader, and therefore could not know Magee freely and voluntarily gave a statement. Magee contends that under M.R.E. 602 the testimony should have been excluded "unless evidence is introduced sufficient to support a finding that he [Dedeaux] had personal knowledge of the matter."
¶ 25. The court also sustained the State's objection to a question by defense counsel to Magee to estimate the number of other people who also drove the vehicle in which the cocaine was found. Magee *1051 contends that this infringed on his right to offer evidence of innocence.
¶ 26. The general rule is that for a confession to be admissible it must be given voluntarily, and not as the result of any promises, threats, or other inducements. Chase v. State, 645 So.2d 829, 837-38 (Miss.1994). The State carries the burden of proving beyond a reasonable doubt that the confession was voluntary. This burden is met when an officer testifies that the confession was made voluntarily, without threats, coercion or offer of reward. Dancer v. State, 721 So.2d 583, 587 (Miss. 1998).
¶ 27. In this case, Detective Dedeaux was testifying from his own observation and first-hand knowledge. He was the person who gave Magee his rights and took his statement. He should have known if anyone, including himself, had threatened or tried to coerce Magee or had made any promises of leniency or other reward in exchange for Magee's statement.
¶ 28. The State argues that Magee failed to preserve the argument as to what other people "probably" did. Under M.R.E. 103(a)(2), an error cannot be predicated upon a ruling excluding evidence without an offer of proof. In this case, Magee made no offer as to how he would have answered the question of how many other people drove the car. In any case, there is no evidence that Magee would have been able to answer based on personal knowledge; therefore, the answer would have been speculative.
¶ 29. We do not find that the court erred in these rulings on admission of evidence.

B. CHALLENGE TO THE CREDIBILITY OF THE FORENSIC DRUG EXPERT.
¶ 30. During cross-examination, Magee sought to impeach the credibility of the State's forensic drug witness, based on her statement that her office never makes mistakes. Magee sought to impeach her based on drug testing done in another case several weeks prior to the trial in the present case. Apparently the case was dismissed and raised questions about the handling of the drugs by the crime lab. In addressing the issue in Magee's case, the court determined that the alleged mistake in the other case could not be definitely attributed to the crime lab and would not allow the impeachment questioning.
¶ 31. Magee argues that the question should have been one for the jury, and the impeachment should have been allowed. He contends that the jury may have developed reasonable doubt as to the witness's credibility.
¶ 32. What Magee has not done is shown that the court was clearly erroneous in finding that the dismissal in the other case was the fault of the crime lab instead of the officers. The court's factual finding regarding possible fault in the other case was the basis of the evidentiary ruling and, therefore, cannot be overturned absent evidence that the ruling was clearly erroneous.
¶ 33. We find no basis for error on the court's ruling.

C. ADMISSION OF THE COCAINE
¶ 34. At trial, the court allowed into evidence Exhibit 1, the cocaine that allegedly belonged to Magee. Magee argues that the exhibit was not properly authenticated. As previously discussed, Magee argues that an irreconcilable conflict in the testimony regarding Exhibit 1 required a dismissal. This is the same argument previously made that there was a conflict between the testimony given by Officer Huguet and Detective Dedeaux as *1052 to the form of the cocaine at the time it was found and when offered into evidence.
¶ 35. Magee cites to no new authority to support his argument. The State cites M. R.E. 901 which states that evidence is authenticated by "[t]estimony that a matter is what it is claimed to be." Both law enforcement officials testified that the cocaine was what was found in the car Magee was driving. We find no error in the admission of this evidence.

D. EXCLUSION OF EVIDENCE OF THE DRUG HABITS OF OTHER PERSONS WHO REGULARLY USED THE VEHICLE.
¶ 36. Magee claims the court erred in excluding evidence that people besides Magee and his girlfriend used the car and about their habits. Magee's girlfriend, the owner of the car, was asked if other drivers of the car ever used cocaine. The State objected, claiming the evidence was not relevant. The court sustained the objection. The owner was then asked if she had any knowledge as to whether any of those individuals used cocaine. The court again sustained the objection.
¶ 37. The State correctly argues that evidence that someone else drove the car and was known to use drugs is not, without more, sufficient to show that Magee did not know about the presence of the cocaine. In the absence of other proof, the evidence is not relevant, and therefore, not admissible. M.R.E. 402 provides that evidence which is not relevant is not admissible. M.R.E. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
¶ 38. The court did not abuse its discretion in excluding the evidence.

IV. THE CIRCUIT COURT ERRED IN NOT REFORMING ITS SENTENCE OF THE DEFENDANT AS THE SENTENCE GIVEN WAS DISPROPORTIONATE TO THE SENTENCES OF OTHER INDIVIDUALS SIMILARLY SITUATED.
¶ 39. Magee argues that his sentence was disproportionate in that he was a first time felon. The court sentenced Magee to five years which is exactly in the middle of the statutory range which runs from two to eight years.
¶ 40. A sentence imposed is not subject to appellate review if it is within the statutory limits. Rodriguez v. State, 839 So.2d 561, 564 (Miss.Ct.App.2003). We need not address this further.

V. THE CIRCUIT COURT ERRED IN REMOVING VENIREMAN FOR CAUSE WHEN NO CAUSE FOR REMOVAL EXISTED.
¶ 41. The standard of review of the decision to grant or deny a challenge for cause is abuse of discretion. Sewell v. State, 721 So.2d 129(¶ 29) (Miss.1998).
¶ 42. Magee claims that the court erred in excluding venire person Strange for cause. During voir dire, Ms. Strange identified herself as one who had family members who had been charged with possession of a controlled substance. Ms. Strange testified that her son was prosecuted on the Gulf Coast and was still under house arrest. She said that this would impact her and that she could not be fair. Ms. Strange stated that she would lean against the State because of "the way they did it." She also stated that the prosecutor looked familiar but was not sure she recognized her. She later stated that she could put this aside and judge the case fairly.
*1053 ¶ 43. In granting the challenge for cause, the court stated that "[h]er opinions were so strong and of such a nature originally that the Court is of the opinion that she has a bias which is so strong would not make her fair to sit, and I'm striking her for cause."
¶ 44. In light of the evidence presented, we cannot say that the judge abused his discretion.

VI. THE APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE AND SAID INEFFECTIVENESS RESULTED IN ACTUAL PREJUDICE TO THE APPELLANT.
¶ 45. The Court reviews any claim of ineffective assistance of counsel under the standard articulated in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss. 1984). The defendant must prove that his attorney's performance was defective and that such deficiency deprived him of a fair trial. Id. at 487. This review is highly deferential to the attorney and there is a strong presumption that the attorney's conduct fell within the range of competence. The defendant must show that there is a reasonable probability that but for the error of counsel, the jury verdict would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 46. Although Magee cites to numerous pages in the record, he fails to tell the nature of the prejudice which resulted from any of these alleged errors on the part of counsel. As the court has held on numerous occasions, the defendant is not guaranteed a perfect trial and it is possible to point out in any trial some error by counsel, using the benefit of hindsight. After review of the record and the allegations of error, we cannot say with any degree of certainty that the test of Strickland has been met. We find no error.
¶ 47. Having reviewed all the issues raised by Magee, we affirm the judgment of the circuit court.
¶ 48. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF FIVE YEARS TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO HARRISON COUNTY.
BRIDGES AND LEE, PJJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.