McRAE, Justice,
for the Court:
Eugene Girley, Jr. appeals his conviction for possession of cocaine (Count I) and for possession of more than one ounce of marijuana with intent to sell, transfer, or deliver (Count II) from the Circuit Court of Tippah County, Mississippi. Girley was sentenced to serve a term of three (3) years in the custody of the Mississippi Department of Corrections on Count I and to serve twelve (12) years in custody of the Mississippi Department of Corrections on Count II, with four (4) years suspended, said sentences to run concurrently.
Finding no error in Girley’s conviction for cocaine possession, we affirm the lower court’s judgment and sentence under the first count. We hold, however, that the State presented insufficient evidence to sustain Girley’s conviction for possession of marijuana with intent to sell. Accordingly, we reverse Girley’s conviction under the second count.
I.
Officers Don Surver and Eugenia Graves of the Ripley Police Department testified that at approximately 10:00 p.m. on March 14, 1989, they observed Girley’s pickup truck driving on the wrong side of the road. Surver turned on the police cruiser’s overhead lights when Girley approached a four-way stop, but Girley ignored the signal and proceeded through the intersection without stopping. The officers began to pursue Girley. At one point, the officers observed Girley throw a brown paper sack out the window of his truck. The officers stopped to retrieve the sack and then continued the chase. Inside the brown paper sack was a clear plastic bag containing a white powdery substance and a white plastic shopping bag containing four sandwich bags filled with a green leafy substance.
Eventually, Girley stopped. The officers cited him for traffic violations and arrested him on drug charges. No drugs were found either on Girley’s person or in his truck, but a “pat-down” search revealed $861.69 in cash. The currency included six one-hundred dollar bills, eight twenty-dollar bills, six ten-dollar bills, six five dollar bills, eleven one-dollar bills, and assorted change.
The Batesville Crime Lab identified the white powdery substance as cocaine and the green leafy substance as 11.5 ounces of marijuana.
On October 5, 1989, the Tippah County Grand Jury indicted Girley on one count of possession of cocaine and one count of possession of more than one ounce of marijuana with intent to sell, transfer, or deliver. On February 12 and 13, 1990, the case was tried before a jury, which found Girley guilty on both counts. On February 23, 1990, the trial court sentenced him to three years imprisonment on the first count and to twelve years imprisonment on the second count with four years suspended. The sentences were to run consecutively. On April 5, 1990, Girley filed an Motion for JNOV/New Trial, which the court denied.
II.
On appeal, Girley has raised several assignments of error, but only one has merit:
THE TRIAL COURT ERRED IN OVERRULING GIRLEY’S MOTION FOR JNOV/NEW TRIAL BECAUSE THE STATE FAILED TO INTRODUCE SUFFICIENT EVIDENCE OF POSSESSION OF MARIJUANA WITH AN INTENT TO SELL.
When seeking to prove intent to sell, transfer or deliver, the State must establish more than a mere suspicion of intent. See McCray v. State, 486 So.2d 1247, 1251 (Miss.1986). On numerous occasions, we have reversed convictions where the evidence strongly suggested an intent to sell, but failed to prove such intent beyond reasonable doubt. See, e.g., McCray, 486 So.2d at 1251-52 (evidence insufficient to prove intent to sell where defendant traveled by plane to source city accompanied by others who used fictitious names, remained in city for short time, checked luggage with marijuana residue, and carried $6,000 in cash); Bryant v. State, 427 So.2d 131, 132 *846 (Miss.1983) (possession of 55 methaqualone tablets and 85V2 diazepam tablets insufficient to prove intent to sell); Hollingsworth v. State, 392 So.2d 515, 517-18 (Miss.1981) (possession of several sandwich bags of marijuana, set of scales, and box of sandwich bags insufficient). We find that Girley’s conviction on the intent-to-sell charge falls into this line of cases.
In cases where we have affirmed convictions based on similar charges, the evidence greatly exceeded what we see in the record now before us. See, e.g., Coyne v. State, 484 So.2d 1018, 1022 (Miss.1986) (sufficient evidence of intent to sell where defendant was in possession of scales, more than five pounds of marijuana, part of it found loose in large plastic bag and in aluminum pan); Breckenridge v. State, 472 So.2d 373, 378 (Miss.1985) (evidence was sufficient to convict where defendant possessed 14 varieties of drugs, $9,734 in cash, address book, receipt book which referred to large money transactions, plastic bags containing marijuana, and scales).
III.
We hold that possession of eleven and a half ounces of marijuana contained in four sandwich bags along with $861.69 in assorted denominations, without more, is insufficient evidence to sustain Girley’s conviction for possessing marijuana with intent to sell. The trial court should have granted judgment of acquittal notwithstanding the verdict on the marijuana count. Regarding the conviction for possession of cocaine, we find no error.
CONVICTION FOR POSSESSION OF COCAINE (COUNT I) AND SENTENCE OF THREE (3) YEARS IN CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED; CONVICTION FOR POSSESSION OF MARIJUANA WITH INTENT TO SELL, TRANSFER AND DELIVER (COUNT II) AND SENTENCE OF TWELVE (12) YEARS IN CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR (4) YEARS SUSPENDED, REVERSED AND REMANDED FOR ENTRY OF JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, and SULLIVAN, JJ., concur.
PITTMAN, J., dissents by separate written opinion, joined by PRATHER and BANKS, JJ.