656 So.2d 1192 (1995)
Willie James HOLLAND
v.
STATE of Mississippi.
No. 92-KA-00053-SCT.
Supreme Court of Mississippi.
June 8, 1995.
*1194 Robert M. Ryan, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Jackson, Jean Smith Vaughan, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
Willie James Holland was convicted in the Tate County Circuit Court for possession of cocaine with the intent to distribute in violation of Miss. Code Ann. § 41-29-139(a)(1). The trial court sentenced Holland to serve a term of fifteen (15) years with the last five years suspended pending good behavior and five years probation following his release. He was released on $5000 bond pending the disposition of this appeal. The following issues are raised in his appeal to this Court:
I. WAS THE EVIDENCE PRESENTED AT TRIAL LEGALLY SUFFICIENT TO SUSTAIN A CONVICTION FOR POSSESSION OF COCAINE WITH INTENT TO SELL, BARTER, TRANSFER, DISTRIBUTE OR DISPENSE?
II. WAS HOLLAND DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL?
III. DID THE TRIAL COURT ERRONEOUSLY ALLOW THE IMPEACHMENT OF HOLLAND WITH EVIDENCE OF OTHER ALLEGED CRIMES?

THE FACTS
Deputy Sheriff Larry Hulette testified that the sheriff's department received several complaints regarding an individual dealing crack cocaine on the streets of Coldwater, Mississippi. He said that Holland was questioned on November 2, 1990 because he matched the description of the alleged crack cocaine dealer. Hulette testified that immediately before investigating the defendant, he also observed what appeared to be an exchange between Holland and another individual. Upon being arrested Holland denied possessing any cocaine, instead claiming that it had been sold. He removed a single rock of cocaine from his pocket after being asked if he had weapons in his possession. Holland explained to Hulette that the single rock of cocaine was merely for personal use. Defense counsel stipulated at trial that the substance seized from Holland was cocaine.
Officer Hulette subsequently discovered $223.75 in cash and an electronic pager in Holland's pockets. Holland freely admitted in a handwritten confession that he had sold drugs in the past while unemployed. He claimed that he had been encouraged by his cousin to sell cocaine because of his cousin's desire to control the drug sales in Coldwater. Officer Hulette testified that Holland never indicated any intention to sell cocaine in the future, but that the "intent to sell" was inferred from the written statement composed after his arrest.
Holland testified that he traveled to Coldwater, Mississippi from Tunica, Mississippi on November 2, 1990 for the purpose of purchasing the single rock of cocaine found in his possession. He said that he was carrying $223.75 in cash because he had received a paycheck earlier that afternoon. He estimated his average paycheck to be between $250 to $280 per week. He testified that he was employed as a bulldozer operator at the time, but that he was fired in August of 1991 on account of his cocaine addiction. Contrary to this testimony, Officer Hulette's police report indicated that Holland claimed to have been recently laid off at the time of his arrest. *1195 Holland, however, testified that his employer was responsible for posting bail.
Holland testified that his intention was to smoke the cocaine in his possession instead of selling it. Officer Hulette testified that Holland indicated this intention at the time of arrest. Holland denied making any kind of exchange with another individual immediately before his arrest. He explained that he gave the written statement in hopes of his charges being dismissed. He claimed that the police expressed an interest in locating the source of the cocaine, and that they promised him the charges would likely be dismissed if he cooperated. He testified that the police expressed a desire to apprehend a "Woodard boy." Holland said that they were referring to his cousin. Holland testified that someone gave him the electronic pager to deliver to his cousin, and that he did not know if the device actually worked. Officer Hulette admitted that the pager had never been tested to determine if it was functional.

THE LAW
In order for the evidence to be sufficient to establish possession with intent to sell or deliver, the state must prove intent beyond a reasonable doubt. Esparaza v. State, 595 So.2d 418, 427 (Miss. 1992). Mere suspicion of intent can not support a conviction. Stringfield v. State, 588 So.2d 438, 440 (Miss. 1991). Holland's strategy of defense was to admit guilt as to simple possession, but to deny any intent to distribute by convincing the jury that the single rock of cocaine was merely for personal use. While Holland freely admitted that he possessed a rock of cocaine when officer Hulette initially stopped him for questioning, there was no direct evidence that Holland intended to sell, barter, transfer or dispense this rock of cocaine. The intent to sell or distribute contraband, however, may be established by circumstantial evidence. Jowers v. State, 593 So.2d 46, 47 (Miss. 1992); Jackson v. State, 580 So.2d 1217, 1220 (Miss. 1991); Hollingsworth v. State, 392 So.2d 515, 517 (Miss. 1981).
Holland was carrying one rock of crack cocaine with a street value of approximately twenty dollars. This quantity of cocaine was clearly an amount commensurate with personal use. Consequently, it was necessary for the prosecution to introduce additional evidence to transform this from a case of simple possession to a conviction of possession with intent to sell or distribute. See Roberson v. State, 595 So.2d 1310, 1319 (Miss. 1992) ("where the contraband is in an amount which a person could reasonably hold for personal use, other evidence of intent is necessary"); Breckenridge v. State, 472 So.2d 373, 378 (Miss. 1985). The prosecution offered the following additional circumstantial evidence in support of the charge of possession with intent to distribute cocaine: 1) officer Hulette observed some type of exchange between Holland and another individual; 2) Holland was in an area associated with drug usage and sales at the time of the alleged exchange carrying $223.75 and an electronic pager; and, 3) Holland explained in a written statement that he had been selling drugs in the past three weeks.
Officer Hulette testified that he observed what appeared to be an exchange between Holland and another individual immediately before Holland was arrested with possession of one rock of crack cocaine, more than two hundred dollars in cash, and an electronic pager. This Court faced similar evidence in Jackson v. State, 580 So.2d 1217, 1220 (Miss. 1991). The defendant in Jackson was arrested in an area of known drug dealing with possession of 4.1 grams of marijuana divided into six bags and $103 in cash. He was also observed holding the drugs in one hand and the money in the other immediately before being arrested. Id. We concluded that the evidence was insufficient to establish an intent to sell or deliver since the "evidence [gave] rise to two reasonable, but completely opposite inferences namely: [the defendant] was either completing a purchase or attempting to make a sale." Id. The jury was improperly required to make a decision as to which activity the defendant was engaged in since the evidence created two equally feasible inferences. Id. Likewise, the evidence produced in the present case could equally support the inference that Holland was purchasing drugs instead of distributing them. In fact, the evidence in this case is actually *1196 far less convincing than the evidence produced in the Jackson case because Hulette was not certain if drugs were the subject of the exchange. As a result, he could not say for sure if Holland was actually involved in an illegal exchange in the first place. His observations merely demonstrated that Holland appeared to have purchased, sold or simply traded an unidentified object in an area associated with drug dealing. It follows that the evidence of the exchange involving the defendant was not sufficient to establish an intent to distribute beyond a reasonable doubt.
Furthermore, neither the amount of cash nor the electronic pager is sufficient to establish an intent to distribute beyond a reasonable doubt. See Girley v. State, 602 So.2d 844, 845 (Miss. 1992) (concluding that eleven and half ounces of marijuana contained in four sandwich bags along with $861.69 in cash was insufficient to establish intent to distribute); Jowers, 593 So.2d at 47 (finding eleven ounces of marijuana, two sets of portable scales, surgical tool, rolling papers, and $356 in cash insufficient to establish intent to distribute); Stringfield, 588 So.2d at 440 (finding fourteen grams of cocaine alone insufficient to establish intent to sell or deliver). Holland even denied that the beeper was functional, and there was no proof to the contrary. The only remaining support for an "intent to distribute" lay in Holland's written statement confessing to past drug activity.
Evidence of prior involvement in the drug trade is admissible to prove intent to distribute. Jowers v. State, 593 So.2d 46, 47 (Miss. 1992) (Sullivan); Jackson v. State, 580 So.2d 1217, 1220 (Miss. 1991); Stringer v. State, 557 So.2d 796, 797 (Miss. 1990). It is admissible under M.R.E. 404(b) which provides as follows:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Holland's written confession described past drug activity, and it was submitted to the jury along with an instruction limiting its use to proof of intent to distribute. In Smith v. State, 656 So.2d 95, 99 (1995), this Court held that evidence of prior acts to show intent to distribute was admissible if it passed the M.R.E. 403 filter and was accompanied by an instruction limiting its use to show intent. In this same case, however, we found the evidence against the defendant insufficient because the proof of past sales was the only evidence truly probative of the defendant's intent to distribute. Id. at 100. The defendant in Smith was arrested with sixteen pieces of cocaine, a crack pipe, and $93 in cash. At trial, the prosecution also introduced a narcotics agent who testified that Smith previously sold him cocaine on two different occasions. We determined that the evidence of past sales was the only evidence supportive of an intent to distribute because the amount of cocaine recovered from Smith was an amount commensurate with personal use, the amount of cash was not significant, the pipe indicated personal use, and there was no evidence of sales near the time of arrest. Id. In concluding that the prosecution's evidence was insufficient to convict Smith of possession with intent to distribute, we stated that "past sales alone is an insufficient evidentiary basis for the conclusion that present possession is with the intent to distribute." Id.
In the case under consideration, Holland was arrested with one rock of cocaine, an amount commensurate with personal use. The amount of cash he was carrying was not significant in light of the evidence of his weekly paycheck which was not refuted beyond a reasonable doubt. Finally, the evidence concerning the exchange within close temporal proximity to the arrest was inconclusive at best. See Stringfield, 588 So.2d at 440 (explaining that court may not permit mental leap for criminal intent to sell or distribute in absence of clear evidence of intent). The evidence of past sales was the only remaining evidence supporting Holland's conviction on these charges. Past sales alone is insufficient to prove an intent to distribute. Smith, at 100. In light of Smith, we must find that the evidence against Holland was insufficient to convict *1197 him of possession with the intent to distribute.
The limitation we impose upon evidence of prior acts to prove possession with intent to distribute originates from the basic prohibition of M.R.E. 404(b) which seeks to prevent the jury from inferring that the accused has committed other crimes and is therefore more likely to be guilty of the offense charged. Robinson v. State, 497 So.2d 440, 442 (Miss. 1986). The intent to distribute is the actual act separating the crime of simple possession from the crime of possession with intent to distribute. The use of a past similar crime as proof of abstract intent to commit a similar crime in the future appears to violate the basic prohibition of M.R.E. 404(b). On the other hand, this evidence will not be excluded outright because of the difficulty of proving subjective intent. A balance is struck by requiring the limiting instruction after satisfying the M.R.E. 403 filter before its admission into evidence. Smith, at 99.
Despite the insufficiency of the evidence, Holland's attorney failed to renew his motion for a directed verdict at the close of Holland's case. When the defendant proceeds with his case after the state rests and the court overrules the defendant's motion for a directed verdict, the defendant has waived the appeal of that directed verdict. Esparaza, 595 So.2d at 426; Harrell v. State, 583 So.2d 963, 965 (Miss. 1991). Furthermore, the defense failed to test the sufficiency of the evidence with a request for a peremptory instruction or a motion for a j.n.o.v. Generally, failure to make a contemporaneous objection at trial waives the issue on appeal. Ratliff v. State, 313 So.2d 386, 388 (Miss. 1975). In the absence of a renewal of the directed verdict, a request for a peremptory instruction, or a motion for a judgment notwithstanding the verdict, Holland has waived the sufficiency error on appeal. Griffin v. State, 495 So.2d 1352, 1353 (Miss. 1986); Peden v. State, 425 So.2d 1356, 1357 (Miss. 1983); Harris v. State, 413 So.2d 1016, 1018 (Miss. 1982).
Holland complains that his attorney's failure to renew the motion for a directed verdict, to request a peremptory instruction at the close of all the evidence, or to file a motion for a j.n.o.v. denied him the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 2064-69, 80 L.Ed.2d 674 (1984); Wilcher v. State, 479 So.2d 710, 713 (Miss. 1985); Stringer v. State, 454 So.2d 468, 477 (Miss. 1984). This Court looks at the totality of circumstances to determine whether counsel's efforts were both deficient and prejudicial. Carney v. State, 525 So.2d 776, 780 (Miss. 1988); Read v. State, 430 So.2d 832, 839 (Miss. 1983).
There is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Carney, 525 So.2d at 780; Gilliard v. State, 462 So.2d 710, 714 (Miss. 1985). These alleged procedural deficiencies related directly to Holland's claim that the evidence was insufficient to support a conviction for possession of a controlled substance with the intent to distribute. Although the failure to raise these objections certainly does not render counsel's performance ineffective in every case, it did so in the case at hand. The strategy of defense employed by Holland was to admit guilt to the charge of simple possession, but to deny any intent to sell or distribute the cocaine. This chosen strategy of defense was not necessarily deficient. See Woodward v. State, 635 So.2d 805, 808-09 (Miss. 1993) (finding defense strategy of conceding murder but arguing against capital murder did not constitute ineffective assistance of counsel); Faraga v. State, 514 So.2d 295, 308 (Miss. 1987) (same); see also Ivy v. State, 589 So.2d 1263, 1265 (Miss. 1991) (finding that failure to file discovery motion was within bounds of trial strategy). Many of the alleged deficiencies in Holland's representation were merely consistent with such a strategy. However, counsel's failure to move for a directed verdict or request a peremptory instruction, or even file a single post-trial motion deprived the trial judge of the opportunity to review the evidence and reexamine possible errors at trial. Specifically, it prevented *1198 the trial judge from reconsidering whether the evidence was sufficient to support the charge of possession with intent to distribute. In light of the fact that counsel's strategy was to admit guilt to possession while arguing that the evidence was not sufficient to prove intent to distribute, counsel was deficient by failing to preserve any objection relating to the sufficiency or weight of the evidence. See Perkins v. State, 487 So.2d 791, 792 (Miss. 1986) (concluding counsel was not ineffective by not objecting to legal sufficiency of indictment because objection had no merit). This deficiency was intensified by the resulting failure to preserve critical error on appeal.
The defendant must also demonstrate a reasonable probability that the result of the trial would have been different but for counsel's deficiencies. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss. 1992). There was more than a reasonable probability in this instance. As discussed supra, the evidence was insufficient as a matter of law to support the charge and there was a reasonable probability that the trial judge would have granted the renewed motion for a judgment notwithstanding the verdict or a peremptory instruction had he been afforded a second chance to review the evidence produced at trial. In addition, a reversal would have definitely followed if the error had been properly preserved for appeal. When an attorney contracts to pursue an appeal, it is incumbent upon the attorney to take all necessary steps to protect the defendant's right of appeal. Triplett v. State, 579 So.2d 555, 559 (Miss. 1991); cf. Allison v. State, 436 So.2d 792, 796 (Miss. 1983) (finding attorney must continue to pursue appeal once perfected unless attorney has formally withdrawn from representation). Although the court appointed Holland a new attorney to pursue his appeal, his original attorney neglected to make a single post-trial motion in order to preserve Holland's entire line of defense on appeal. The result of this deficiency deprived Holland of any meaningful appeal. It follows that the defendant's claim that he was denied his Sixth Amendment right to the effective assistance of counsel must prevail.
Holland also complains of his attorney's failure to object to the prosecution's introduction of the evidence of past drug sales by Holland. Holland's attorney failed to make a single attempt, pre-trial or during trial, to suppress this damaging written confession of past crimes. An objection would have at least required the court to conduct a Rule 403 analysis to determine whether the probative value was substantially outweighed by the prejudicial effect of this evidence. Jenkins v. State, 507 So.2d 89, 93 (Miss. 1987). The evidence was certainly highly prejudicial as Holland confessed to the exact same crime for which he was being charged. The evidence also injected highly inflammatory impeachment evidence at the same time. With no objection, the trial judge was not forced to consider these factors. Accordingly, defense counsel's failure to object to the most damaging piece of evidence presented against Holland was a deficiency which contributed to the denial of a fair trial.

CONCLUSION
The evidence produced at trial was not sufficient to support a conviction of possession of a controlled substance with the intent to sell or distribute. Holland is barred from raising this assignment of error on appeal because defense counsel failed to renew his motion for a directed verdict, request a peremptory instruction, or file any post-trial motions concerning the sufficiency of the evidence produced at trial. Because of the particular strategy of defense employed and its surrounding circumstances, the failure to preserve the sufficiency error for trial court or appellate review denied Holland the effective assistance of counsel. The normal remedy for a successful ineffective assistance of counsel claim is to remand for a new trial. Read, 430 So.2d at 841. However, in the facts peculiar to this case, the trial court would have undoubtedly been reversed and a decision rendered for simple possession but for the deficient representation of counsel. Justice requires that we not deny the defendant a remedy that he would otherwise be entitled to as a matter of law had he been afforded representation which fulfilled the minimum requirements of the Sixth Amendment. Accordingly, the conviction for possession *1199 of a controlled substance with the intent to distribute is reversed and rendered. This matter is remanded for resentencing on the charge of possession of cocaine.
REVERSED AND REMANDED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE and SMITH, JJ. concur.
JAMES L. ROBERTS, Jr., J., concurs in result only.