GRIFFIS, J.,
for the Court:
¶ 1. Jeffery Marcel Robinson appeals his conviction on the basis that he received ineffective assistance of counsel. We find no error and affirm.
FACTS
¶ 2. On March 18, 2008, Batesville police officers Michael Hardin and Freddie Payne were on patrol. They came upon a red pickup truck driven by Robinson. The officers testified that Robinson’s truck’s stereo was very loud in violation of a Batesville city ordinance. As a result of this violation, they performed a traffic stop.
¶ 3. Officers Hardin and Payne approached the truck and asked Robinson for his driver’s license. Robinson claimed he had left it at home. Officer Hardin then asked Robinson for his name, date of birth, and age. Robinson gave an age and a date of birth that were not consistent. Officer Hardin also testified that Robinson appeared to be very nervous.
¶4. The officers ordered Robinson to step out of the truck. Officer Payne then performed a pat-down search to insure that Robinson was not armed. Officer Payne then asked Robinson for consent to search his person. Robinson consented. Officer Payne discovered a tightly rolled one-dollar bill in the pocket of Robinson’s pants, which Officer Payne knew to be associated with cocaine use. The officers then asked Robinson for consent to search the truck. Robinson consented. They discovered a piece of a plastic sandwich bag with white powdery residue on it.
¶ 5. Officer Payne testified that, based on his experience, he knew that people in Robinson’s position sometimes hid drugs in their mouths. He ordered Robinson to open his mouth. Robinson opened his mouth, and Officer Payne could see a white object underneath Robinson’s tongue. Robinson tried to swallow the object, so Officer Payne grabbed him by the neck, just underneath the Adam’s apple, to prevent him from swallowing. Eventually, Robinson spit the object out of his mouth. It was a heat-sealed plastic bag containing an off-white rock-like substance. The crime laboratory later determined the substance to be 0.3 gram of crack cocaine.
¶ 6. The following day, Officer Payne visited Robinson in jail. Officer Payne testified that Robinson waived his Miranda rights and confessed that the cocaine belonged to him.
¶ 7. Robinson was convicted for possession of at least 0.1 gram but less than two grams of a Schedule II controlled substance in violation of Mississippi Code Annotated section 41 — 29—139(c)(1)(B) (Rev. 2009). Robinson was sentenced as both a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) and as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev.2009). He was sentenced to twelve years in the custody of the Mississippi Department of Corrections without eligibility for probation or parole.
ANALYSIS
¶ 8. Robinson argues that his attorney provided ineffective assistance and, thus, deprived him of his constitutional right to counsel. The basis for Robinson’s claim is that his attorney did not move for a directed verdict at the close of the State’s case-in-chief and that he did not request a peremptory jury instruction. Robinson contends that these omissions amount to ineffective assistance of counsel.
*723 ¶ 9. To prove ineffective assistance of counsel, Robinson must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Robinson to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
¶ 10. Furthermore, the merits of an ineffective-assistance-of-counsel claim on direct appeal should be addressed only when “(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding -without consideration of the findings of fact of the trial judge.” Colenburg v. State, 735 So.2d 1099, 1101 (¶ 5) (Miss.Ct.App.1999). If this Court does not reverse on other grounds and is unable to conclude that the defendant received ineffective assistance of counsel, it should affirm “without prejudice to the defendant’s right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.” Id. Review on direct appeal of an ineffective-assistance-of-counsel claim is confined strictly to the record. Id. at 1102 (¶ 6).
¶ 11. Robinson’s appeal is based on the authority found in Holland v. State, 656 So.2d 1192 (Miss.1995). In Holland, the defendant was convicted of possession of cocaine with intent to distribute. Id. at 1194. His attorney did not move for a directed verdict, request a peremptory instruction, or file a single post-trial motion. Id. at 1197. Because of those omissions, the circuit court did not have an opportunity to examine the sufficiency of the evidence. Id. at 1197-98. On appeal, the Mississippi Supreme Court found that there was insufficient evidence that the defendant intended to distribute the cocaine. Id. at 1198. In turn, the supreme court held that the attorney’s failure to raise a sufficiency challenge before the circuit court amounted to ineffective assistance of counsel. Id. The supreme court found that there was a reasonable probability that, had the attorney raised a sufficiency challenge, the circuit court would have ruled in favor of the defendant. Id.
¶ 12. Here, Robinson does not establish a reasonable probability that, had his attorney moved for a directed verdict or requested a peremptory instruction, the circuit court would have ruled in his favor. Unlike in Holland, here, there was ample evidence to support Robinson’s conviction for possession of cocaine. Officers Hardin and Payne testified that Robinson had the cocaine in his mouth, which the crime lab determined amounted to 0.3 gram. In addition, Officer Payne testified that, on the day following the arrest, Robinson admitted that the cocaine belonged to him. Thus, had Robinson’s attorney challenged the sufficiency of the evidence in a motion for a directed verdict or a request for a peremptory instruction, the circuit court would have been correct to deny the motion and the request. Robinson has not shown that his attorney’s alleged deficiencies prejudiced his defense. Thus, he has not met the second prong of the Strickland test.
¶ 13. We find that the record before us on appeal is insufficient to address any other potential claim of ineffective assistance of counsel. As such, we deny relief *724 on the ineffectiveness claim made by Robinson in this appeal and affirm his conviction without prejudice to Robinson so that he may, if he so chooses, present any other potential claim of ineffective assistance of counsel not apparent in the record before us that he may have.
¶ 14. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF TWELVE YEARS AS A HABITUAL AND SUBSEQUENT OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.