LEE, C.J.,
for the Court:
¶ 1. On January 31, 2010, Charles Ferguson and Lazeric Yarbrough rode with Oratio Robinson from Starkville, Mississippi, to West Point, Mississippi. While on the way, Ferguson learned that Robinson was driving to West Point to purchase marijuana. When they arrived in West Point, Robinson purchased the marijuana and then stopped at the Soco gas station. Yarbrough and Robinson went inside the gas station, while Ferguson remained in the backseat of the car with the marijuana. Once Yarbrough and Robinson returned to the car, Robinson drove back to Starkville.
¶ 2. On the return trip to Starkville, the men came to a Mississippi Highway Patrol checkpoint on the on-ramp of Highway 82 in Lowndes County, Mississippi. As they approached the checkpoint, Yarbrough opened the passenger door of the two-door car, and one of the men threw the marijuana from the car. Officer Justin Rollins saw a white Wal-Mart sack thrown from the passenger side of the car. When Officer Rollins stopped the car and asked Robinson for his driver’s license and proof of insurance, he smelled a strong odor of marijuana coming from the car. Officer Justin Alsup, who was at the checkpoint as well, retrieved the Wal-Mart sack that had been thrown from the ear. Once Officer Alsup looked inside the bag and saw what he believed to be marijuana, he informed Officer Rollins to remove the men from the car and arrest them.
¶ 8. Ferguson was indicted for possession of marijuana in an amount of 250 grams but less than 500 grams with the intent to distribute. After a jury trial in Lowndes County Circuit Court on February 16 and 17, 2012, the jury returned a unanimous verdict convicting Ferguson of possession of marijuana in an amount of 250 grams but less than 500 grams. Ferguson was sentenced as a habitual offender and ordered to serve eight years in the custody of the Mississippi Department of Corrections with no eligibility for parole or probation and to pay a $50,000 fine and all court costs.
DISCUSSION
¶4. Ferguson now appeals, arguing (1) the verdict was against the sufficiency of the evidence; (2) the trial court erred in allowing the indictment to be amended after jury selection had been completed; (3) the trial court erred in denying his motion for a continuance; and (4) his counsel was ineffective. Finding no error, we affirm.
I. SUFFICIENCY OF THE EVIDENCE
¶ 5. While Ferguson styles this issue as a challenge to the weight of the evidence, he argues that the evidence was insufficient to prove he had dominion or control over the marijuana.
¶ 6. When a party moves for a directed verdict or a judgment notwithstanding the verdict, the party has challenged the sufficiency of the evidence. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). If the jury has returned a guilty verdict, this Court is “not at liberty to direct that the defendant be discharged[,] short of a conclusion on our part that [taking] the evidence ... in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.” Pharr v. State, 465 So.2d 294, 301 (Miss.1984).
¶ 7. Ferguson was convicted of possession of marijuana in an amount of 250 grams but less than 500 grams under Mississippi Code Annotated section 41-29-139(c)(2)(D) (Supp.2012). The Mississippi Supreme Court has stated for a conviction *441 of possession of a controlled substance to stand, “there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.” Glidden v. State, 74 So.3d 342, 345-46 (¶ 12) (Miss.2011) (internal citations omitted). However, this possession “need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself it is not adequate in the absence of other incriminating circumstances.” Cheatham v. State, 12 So.3d 598, 601 (¶ 7) (Miss.Ct.App.2009) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)).
¶ 8. On the way to West Point, Ferguson was informed that Robinson’s purpose for driving to West Point was to purchase drugs. While testifying, Ferguson stated that he had previously smoked marijuana and knew that the substance Robinson purchased was marijuana. Ferguson testified that he could have gotten out of the car and called someone to pick him up instead of traveling back to Stark-ville with Robinson and Yarbrough. Also, Ferguson confessed that he was in the car alone with the marijuana while Robinson and Yarbrough were inside the gas station and that he could have done anything with the marijuana during that time. Additionally, Yarbrough testified that the marijuana was in the back seat near where Ferguson was sitting and that Ferguson threw the marijuana out of the car at the checkpoint.
¶ 9. Viewing the evidence in the light most favorable to the verdict, a reasonable juror could find beyond a reasonable doubt that Ferguson was guilty. Therefore, this issue is without merit.
II. AMENDMENT OF INDICTMENT
¶ 10. Ferguson asserts that the trial court erred in amending the indictment after jury selection had been completed to charge Ferguson as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).
¶ 11. Uniform Circuit and County Court Rule 7.09 allows for amending an indictment to charge the defendant as a habitual offender; however, the rule states that the “[ajmendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” Ferguson cites to Gowdy v. State, 56 So.3d 540 (Miss.2010), to support his contention that the amendment was impermissible. However, in Gowdy, the amendment occurred after Gowdy had been convicted. Id. at 544-45 (¶ 15). Here, the amendment happened prior to trial. The rule does not limit when the amendment may occur, but it does require the defendant be given “a fair opportunity to present a defense and ... not [be] unfairly surprised.” URCCC 7.09.
¶ 12. Ferguson argues that we should look at the State’s motion to amend as “something similar to newly discovered evidence,” and either suppress the evidence or declare a mistrial. Yet Ferguson fails to cite any case law to support this contention. “Failure to cite relevant authority obviates the appellate court’s obligation to review such issues.” Simmons v. State, 805 So.2d 452, 487 (¶ 90) (Miss.2001).
III. MOTION FOR CONTINUANCE
¶ 13. After the trial court granted the State’s motion to amend the indictment, Ferguson requested a continuance so that he could retain counsel, instead of using the counsel that the trial court had *442 appointed him after it determined him to be indigent. Ferguson claims that the trial court erred in denying his motion to continue and that such denial was a manifest injustice. This Court has previously held that a defendant “is procedurally barred from raising this on appeal, because ‘the denial of a continuance is not an issue reviewable on appeal where the denial of the continuance is not assigned as a ground for a new trial in the defendant’s post-trial motion for a new trial.’ ” Johnson v. State, 926 So.2d 246, 251 (¶ 14) (Miss.Ct.App.2005) (quoting Crawford v. State, 787 So.2d 1236, 1242 (¶25) (Miss.2001)).
¶ 14. In his motion for a new trial, Ferguson only states that the “verdict was contrary to law and against the overwhelming weight of the evidence.” Ferguson fails to assert any error regarding the trial court’s denial of his motion for a continuance. Even excusing the procedural bar, the trial court did not err in denying Ferguson’s motion.
¶ 15. This Court will only reverse the trial court’s denial of a motion for continuance if it is “shown to have resulted in manifest injustice.” Smiley v. State, 815 So.2d 1140, 1144 (¶ 14) (Miss.2002) (citations omitted). Ferguson moved for a continuance to hire new counsel. When the trial court asked him if he had the financial means to do so, Ferguson stated that he had money from his income tax return and that he could borrow the money from his girlfriend. The trial court stated that it was not convinced of Ferguson’s ability to hire new counsel, noting specifically that he had previously attested that he was indigent and that if he had received a windfall, he had an obligation to inform the court, which he never did. The trial court also noted that Ferguson had plenty of time to hire new counsel in the two years prior to trial.
¶ 16. Ferguson simply raises the blanket assertion that “the manifest injustice is that [he] is now sentenced to serve eight (8) years as an [sic] habitual offender, without the possibility of parole.” Ferguson fails to offer any showing of manifest injustice. The trial court was within its discretion to deny the motion for continuance because Ferguson had attested to being indigent, had failed to offer proof that he now could afford to hire new counsel, and had failed to retain new counsel in the two years prior to trial. This issue is without merit.
IV. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 17. Ferguson argues that his counsel was ineffective by failing to object to the admissibility of the picture of a text message sent to his phone after the arrest, by conceding that Ferguson was guilty of possession, and by failing to ask the jury to find Ferguson not guilty.
¶ 18. To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel’s performance was deficient and that the deficiency was prejudicial. Commodore v. State, 994 So.2d 864, 872 (¶ 15) (Miss.Ct.App.2008) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The performance must be so deficient “that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Id. (quoting Strickland, 466 U.S. at 687, 104 S.Ct. 2052). Also, the defendant must show that the prejudice was so great that a reasonable probability existed that “but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 872 (¶ 16) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). “Furthermore, the merits of an ineffective-assis *443 tance-of-counsel claim on direct appeal should be addressed only when (1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Robinson v. State, 68 So.3d 721, 723 (¶ 10) (Miss.Ct.App.2011). This Court has stated:
The question presented is not whether trial counsel was or was not ineffective but whether the trial judge, as a matter of law, had a duty to declare a mistrial or to order a new trial, sua sponte on the basis of trial counsel’s performance. “Inadequacy of counsel” refers to representation that is so lacking in competence that the trial judge has the duty to correct it so as to prevent a mockery of justice.
Jackson v. State, 78 So.3d 1176, 1181 (¶ 20) (Miss.Ct.App.2011) (citations omitted).
¶ 19. From a reading of the record, we find no obvious deficiencies that would have required the trial court to declare a mistrial. As a result, we deny relief on this issue without prejudice, so that Ferguson, if he so chooses, may present his claims of ineffective assistance of counsel in a petition for post-conviction relief.
¶ 20. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MARIJUANA IN AN AMOUNT GREATER THAN 250 GRAMS BUT LESS THAN 500 GRAMS AND SENTENCE AS A HABITUAL OFFENDER OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION AND A $50,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.