# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-00718-COA

**LARRY LEVI, JR. A/K/A LARRY PHILLIPS LEVI, JR.**                          APPELLANT

**v.**

**STATE OF MISSISSIPPI**                          APPELLEE

DATE OF JUDGMENT:              05/22/2023
TRIAL JUDGE:                           HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:    LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       OFFICE OF STATE PUBLIC DEFENDER
                              BY: HUNTER NOLAN AIKENS
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: LAUREN GABRIELLE CANTRELL
DISTRICT ATTORNEY:            DEE BATES
NATURE OF THE CASE:           CRIMINAL - FELONY
DISPOSITION:                  AFFIRMED - 12/10/2024
MOTION FOR REHEARING FILED:

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Following a jury trial, Larry Levi Jr. was convicted of possession of more than two grams but less than ten grams of methamphetamine with intent to distribute and possession of more than one-tenth of a gram but less than two grams of cocaine with intent to distribute. On appeal, Levi argues that the trial court erred by admitting evidence of his prior convictions for possession of cocaine with intent to distribute, simple possession of cocaine, and felony fleeing and the specifics of his prior sentences. For the reasons explained below, the trial court erred by admitting evidence of Levi's prior conviction for simple possession,

but the error was harmless.  Otherwise, we find no error and therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Prior to his May 2023 trial, Levi filed a motion in limine to exclude any evidence that he had been convicted of (1) possession of cocaine with intent to distribute in 2015, (2) sale of cocaine in 2013, (3) sale of cocaine and transfer of marijuana in 2002, and (4) simple possession of cocaine in 1997.  Levi argued that his prior convictions were not admissible for a valid purpose under Mississippi Rule of Evidence 404(b) and should be excluded under Mississippi Rule of Evidence 403.  The trial court denied Levi's motion, finding that the convictions were admissible under Rule 404(b) to show intent to distribute.  The district attorney then argued that the convictions were also admissible under Rule 404(b) to show "knowledge," i.e., that Levi "has knowledge of what cocaine is."  The court agreed and directed the parties to prepare a jury instruction stating that Levi's prior convictions could be considered on the issues of "intent" and "knowledge."

¶3.     Over Levi's renewed objection, sentencing orders showing Levi's convictions were admitted into evidence before the State called its final witness.  The 2015 sentencing order showed that Levi also pled guilty to the crime of felony fleeing, although that conviction was not mentioned during trial.  The court instructed the jury that Levi's prior convictions were "offered in an effort to prove intent and knowledge" but could not be considered as evidence that he was guilty of the charges in this case.  The court also instructed the jury "not to infer that [Levi] acted in conformity with his previous acts."

¶4.     Sergeant Lisa Jackson of the Brookhaven Police Department testified that on July 2,

2

2021, she responded to a report of an assault at Naomi Stanton's apartment at the Brookwood Apartments. When Jackson knocked and identified herself, Ramona Hayes opened the door. Jackson saw Levi inside, and he immediately fled to the rear of the apartment. Jackson believed that Levi had committed the assault, so she drew her taser and ordered him to come out. Stanton then emerged from the back of the apartment. She seemed "surprised to see" Jackson, but she stopped when Jackson ordered her to do so. Levi then reemerged from the back of the apartment and complied with Jackson's orders to get on the ground. As Jackson handcuffed Levi, she noticed that he "was grinding his teeth . . . constantly," which she knew to be "a telltale sign of methamphetamine use."

¶5.     Jackson observed a large knot on the back of Stanton's head and a large welt on her leg. Stanton and Hayes were both crying and "very scared." Stanton gave Jackson consent to search the apartment and led Jackson to a bedroom closet in the back of the apartment. Stanton lifted some towels in the closet, revealing a plastic container holding methamphetamine and cocaine, digital scales, a piece of paper holding a small amount of methamphetamine, and a clear plastic bag holding a small amount of methamphetamine. Testing confirmed that the substances were cocaine (at least 0.40 grams) and methamphetamine (at least 4.38 grams).

¶6.     Hayes testified that Stanton had called the police after Levi suddenly became violent and began beating Stanton. Levi took Stanton's phone, so Stanton borrowed Hayes's phone to call the police without Levi's knowledge. Hayes believed that Levi became violent because he had been smoking "ice." Hayes testified Levi had a bag of ice and a bag of crack

3

before the police arrived. Hayes acknowledged that she had used cocaine in the past, but she said she "finally kind of got off of it." She testified that she had bought cocaine from Levi in the past. She denied that the drugs found in the bedroom closet belonged to her.

¶7. Stanton testified that she called the police because Levi was beating her. According to Stanton, Levi had been using drugs and "just snapped" and became violent. Stanton acknowledged that she had used cocaine in the past and had purchased cocaine from Levi; however, she testified that she no longer used drugs. Stanton testified that she was in her bedroom when Jackson arrived, and Levi ran past her and "stuck [his] drugs under . . . the towels" in the closet. She denied that the drugs belonged to her.

¶8. The jury found Levi guilty of possession of more than two grams but less than ten grams of methamphetamine with intent to distribute (Count I) and possession of more than one-tenth of a gram but less than two grams of cocaine with intent to distribute (Count II). The court sentenced Levi to serve eight years in the custody of the Mississippi Department of Corrections (MDOC) for Count I and a consecutive term of three years in the custody of the MDOC with two years suspended, one year to serve, and two years of post-release supervision for Count II. Levi filed a motion for judgment notwithstanding the verdict or a new trial, which was denied, and a notice of appeal.

**ANALYSIS**

¶9. In his brief on appeal, Levi expressly "acknowledges that, because he was charged with possession of drugs with intent to distribute, his convictions for sale of cocaine and marijuana *and possession of cocaine with intent to distribute* were admissible to show

4

intent." (Emphasis added). Levi's concession is consistent with our precedent. As the Mississippi Supreme Court has held, "[e]vidence of prior involvement in the drug trade is admissible [under Rule 404(b)] to prove intent to distribute." *Holland v. State*, 656 So. 2d 1192, 1196 (Miss. 1995).[1] In addition, this Court has specifically held that prior convictions for possession with intent are admissible under Rule 404(b) to show intent to distribute. *Hosey v. State*, 77 So. 3d 507, 516-17 (¶¶33-34) (Miss. Ct. App. 2011) (holding that prior convictions for possession of drugs with intent to distribute were admissible under Rule 404(b) to show intent to distribute), *cert. denied*, 78 So. 3d 906 (Miss. 2012); *Colburn v. State*, 368 So. 3d 347, 349-53 (¶¶8-21) (Miss. Ct. App. 2023) (holding that a prior conviction for possession of drugs with intent to distribute was admissible under Rule 404(b) to show intent to distribute), *cert. denied*, 368 So. 3d 816 (Miss. 2023).

¶10.    However, after expressly conceding that his prior conviction for possession of cocaine with intent to distribute *was* admissible, Levi then contradictorily argues that the conviction should *not* have been admitted because the amount of cocaine involved in that offense (less than two grams) could have been consistent with "personal use." This argument is without merit. For one thing, Levi did not make this argument in the trial court. Therefore, this issue is waived on appeal. *Gunn v. State*, 174 So. 3d 848, 858 (¶28) (Miss. Ct. App. 2014) ("In

---

[1] In *Holland*, the Supreme Court acknowledged that "[t]he use of a past similar crime as proof of abstract intent to commit a similar crime in the future appears to violate the basic prohibition of [Rule] 404(b)." *Id.* at 1197. But the Court reasoned that it is inherently difficult to prove a defendant's "subjective intent," which is the critical element "separating the crime of simple possession from the crime of possession with intent to distribute." *Id.* Thus, the Court "struck" a "balance" by holding that a prior conviction must "satisfy[] the [Rule] 403 filter before its admission into evidence" and by requiring a proper "limiting instruction" if it is admitted. *Id.*

order to raise an error on appeal, Mississippi Rule of Evidence 103(a) requires that a contemporaneous objection *on specific grounds* must be made to the admission of evidence by the trial court." (emphasis added)).

¶11.    Moreover, Levi's argument is essentially a collateral attack on his own prior guilty plea and conviction. In 2015, Levi pled guilty to possessing cocaine *with intent to distribute*. That conviction was relevant and admissible for the purpose of proving intent to distribute in this case. *Hosey*, 77 So. 3d at 516-17 (¶¶33-34); *Colburn*, 368 So. 3d at 349-53 (¶¶8-21). Having pled guilty and admitted that he possessed cocaine *with intent to distribute*, Levi cannot now argue that he might have possessed the same cocaine only for "personal use." Again, Levi previously pled guilty to possessing the cocaine with intent to distribute, *not* for mere "personal use." Accordingly, this issue is without merit.

¶12.    Levi also argues that his prior conviction for felony fleeing and the details of his prior sentences were improperly admitted when his four prior sentencing orders were admitted into evidence. Levi argues that his "prior conviction for felony fleeing has absolutely nothing to do with an intent to distribute drugs" and that his prior sentences were "not relevant for any permissible purpose." However, Levi never mentioned his felony fleeing conviction in the trial court, nor did he raise any objection regarding the specifics of his prior sentences. Therefore, these issues are procedurally barred. "Under Mississippi law, an appellant is not entitled to raise a new issue on appeal, since to do so prevents the trial court from having an opportunity to address the alleged error." *Dunn v. State*, 693 So. 2d 1333, 1339 (Miss. 1997) (quoting *Crowe v. Smith*, 603 So. 2d 301, 305 (Miss. 1992)). Had Levi raised these concerns

6

to the trial court, these issues could have been addressed. Levi's conviction for felony fleeing—which came into evidence only because it was in the same sentencing order as his conviction for possession of cocaine with intent to distribute—and the details of his sentences could have been redacted. Alternatively, the evidence could have been admitted by stipulation or in some other form. Having failed to raise these issues in the trial court, Levi is procedurally barred from raising them on appeal.[2]

¶13. Finally, Levi argues that the trial court erred by admitting his 1997 conviction of simple possession of cocaine. On this issue, we agree with Levi. In *McDonald v. State*, 130 So. 3d 102 (Miss. Ct. App. 2013), *cert. denied*, 131 So. 3d 577 (Miss. 2014), this Court held that a trial court erred by admitting the defendant's prior convictions for simple possession of marijuana and cocaine in a prosecution for possession with intent to distribute. *Id.* at 110-11 (¶¶24-28). We explained:

> Mississippi law clearly supports the introduction of McDonald's intent-to-sell conviction. The intent-to-sell conviction is admissible under Rule 404(b) to establish intent with respect to the present charge. *However, the introduction of McDonald's possession convictions does not serve any purpose for which they would be admissible under Rule 404(b). Therefore, the trial court should*

[2] Similarly, in *Carver v. State*, 227 So. 3d 1149, 1155 (¶25) (Miss. Ct. App. 2016), *rev'd on other grounds*, 227 So. 3d 1090 (Miss. 2017), the defendant conceded that his prior convictions for the sale of cocaine were admissible under Rule 404(b) for the purpose of proving intent to distribute, but he argued that the trial court erred by admitting evidence of an unrelated prior arrest for burglary, prior misdemeanor convictions, and the specifics of his prior sentences. This Court held that the issues were procedurally barred because the defendant failed to make a contemporaneous objection at trial. *Id.* at (¶28). We also held that the issue did not constitute a "manifest miscarriage of justice" warranting relief under the plain-error doctrine. *Id.* at 1155-56 (¶29). Likewise, in the instant case, we cannot say that any manifest miscarriage of justice occurred. Levi's felony fleeing conviction and the specifics of his prior sentences were never discussed during the trial, and the trial court gave the jury a proper limiting instruction.

7

*not have permitted the introduction of the possession convictions.*

*Id.* at 111 (¶28) (emphasis added). Likewise, in this case, Levi's prior conviction for simple possession was *not* admissible under Rule 404(b) to prove intent to distribute.

¶14. In addition, in *Mitchell v. State*, 110 So. 3d 732 (Miss. 2013), the Supreme Court held that the trial court abused its discretion by admitting the defendant's prior convictions for simple possession of cocaine and marijuana in a prosecution for possession of cocaine with intent to distribute. The State asserted that the prior convictions for simple possession were admissible "to prove the absence of mistake"—i.e., to show that the defendant "underst[ood] the drug game" and did not possess the drugs by "mistake." *Id.* at 733-34 (¶¶6, 11). However, the Supreme Court held that the State's argument was "a non sequitur" because a claim of "mistake" was "never advanced by [the defendant], nor otherwise placed at issue by any witness." *Id.* at 734 (¶11).

¶15. Similarly, in this case, the State argued at trial and maintains on appeal that Levi's prior conviction for simple possession was admissible to prove "knowledge"—i.e., to show that Levi "has knowledge [of] what cocaine is." However, Levi's "knowledge [of] what cocaine is" was never placed at issue by Levi or any witness. The State relied on Stanton's testimony that she had purchased cocaine from Levi in the past and that when the police arrived at the apartment, Levi hurriedly hid the drugs under towels in her bedroom closet. In contrast, Levi's theory of the case was that Stanton was lying and that the drugs belonged to her, not him. Defense counsel argued in his opening and closing statements that Stanton was able to lead the police directly to where the drugs were hidden in her own apartment

8

because the drugs belonged to her. Counsel argued, "Not his house, not his drugs." Levi did not assert that he did not "know[] what cocaine is." He did not claim that he unwittingly possessed a substance that, much to his surprise, turned out to be cocaine. Accordingly, the trial court erred by admitting Levi's prior conviction for simple possession to address a supposed issue that was never contested or "placed at issue by any witness." *Id.*

¶16. Nonetheless, we conclude that the error was harmless in the context of all the evidence properly admitted at trial. We do not agree with the State that the evidence of Levi's guilt was necessarily "overwhelming." Fair-minded jurors could have harbored reasonable doubts about whose drugs were hidden in Stanton's apartment.[3] Nonetheless, the error in this case was harmless because the trial court did not abuse its discretion by admitting Levi's 2015 conviction for possession of cocaine with the intent to distribute, his 2013 conviction for selling cocaine, and his 2002 convictions for selling cocaine and transferring marijuana. Given that all those convictions were admitted for proper purposes under Rule 404(b), it is inconceivable that Levi suffered any marginal undue prejudice because the jury heard that he had also been convicted of *simple* possession of cocaine in 1997. For this reason, we conclude that the admission of Levi's conviction for simple possession was harmless.

**CONCLUSION**

¶17. Generally speaking, "[e]vidence of prior involvement *in the drug trade* is admissible

---

[3] *See Stone v. State*, 94 So. 3d 1078, 1086 (¶21) (Miss. 2012) ("An error [is harmless and] does not require reversal when it is apparent on the face of the record that a fair minded jury could have arrived at no other verdict than that of guilty." (quotation marks omitted)).

9

[under Rule 404(b)] to prove intent to distribute." *Holland*, 656 So. 2d at 1196 (emphasis added). Therefore, the trial court did not abuse its discretion by admitting Levi's prior convictions for selling cocaine, possessing cocaine with intent to distribute, and transferring marijuana. However, trial courts should be wary of admitting prior convictions for simple possession, which serve no similar purpose. *Mitchell*, 110 So. 3d at 734 (¶11); *McDonald*, 130 So. 3d at 111 (¶28). In the present case, the trial court abused its discretion by admitting evidence of Levi's prior conviction for simple possession. However, for the reasons explained above, that error was clearly harmless.

¶18. **AFFIRMED.**

**BARNES, C.J., LAWRENCE, McCARTY AND WEDDLE, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY SMITH AND EMFINGER, JJ. WESTBROOKS AND SMITH, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

**CARLTON, P.J., CONCURRING IN PART AND IN RESULT:**

¶19. I concur in part and in the result. Levi concedes that his two prior convictions of selling cocaine and his prior conviction for transfer of marijuana were admissible under Rule 404(b) to show his intent to distribute. *Holland v. State*, 656 So. 2d 1192, 1196 (Miss. 1995) ("Evidence of prior involvement in the drug trade is admissible to prove intent to distribute."). In addition, I concur that the trial court did not abuse its discretion by ruling that Levi's prior conviction for possession of cocaine with the intent to distribute was admissible for the same purpose. *Id.*; *Colburn v. State*, 368 So. 3d 347, 349-53 (¶¶8-21)

(Miss. Ct. App. 2023) (holding that the defendant's prior conviction for possession of cocaine with intent to sell was admissible for the purpose of proving intent to sell), *cert. denied*, 368 So. 3d 816 (Miss. 2023).  I also concur that Levi waived any issue related to his prior conviction for felony fleeing or his prior sentences.

¶20.    However, unlike the majority, I do not find that the trial court abused its discretion by admitting Levi's prior conviction for simple possession of cocaine.  Levi was indicted for one count of possession of methamphetamine with intent to distribute and one count of cocaine with intent to distribute.  Thus, the State had to prove at trial that Levi both (1) possessed methamphetamine and cocaine; and (2) intended to distribute the drugs. *See* Miss. Code Ann. § 41-29-139(a)(1) (Rev. 2023).  Specifically with respect "[t]o establish[ing] possession of a controlled substance," I find it relevant that "the State must produce evidence that a defendant (1) was aware of the presence of a substance, (2) was aware of the character of the substance, and (3) was consciously and intentionally in possession of the substance." *Alford v. State*, 367 So. 3d 1013, 1017 (¶10)  (Miss. Ct. App. 2023).

¶21.    Given this standard, I find that the trial court did not abuse its discretion in admitting Levi's prior conviction of possession of cocaine to show both his "conscious[]" and "intentional[]" possession of the drugs, as well as his "knowledge"—i.e., that he "was aware of the presence" and "character" of the drugs. *Id.*   In short, Levi's intent to possess the drugs, as well as his knowledge of what methamphetamine and cocaine are, were essential elements that the State was required to prove, *see* Miss. Code Ann. § 41-29-139(a)(1), and that the  jury was charged with finding.  The jury instructions, for example, required the jury

to find that Levi "knowingly" had the drugs in his possession and "knew that it was methamphetamine" and "knew that it was cocaine" at the time of possession. Proof of Levi's "knowing" possession of the drugs—and what they were—was particularly important in this case because Levi's defense was that the drugs were not his.[4]

¶22. Further, although Levi's prior conviction was for the possession of cocaine, I find that it was admissible for both counts (one involving methamphetamine, the other involving cocaine). "Prior drug convictions can be properly admitted under Rule 404(b)'s exceptions involving drugs different than the charge at issue." *Colburn*, 368 So. 3d at 351 (¶16). In *Colburn*, the Court noted that "[c]ocaine and methamphetamine are both Schedule II controlled substances." *Id.* As such, the Court found that the defendant's prior conviction for possession of cocaine with intent to sell was "not fundamentally different" from his present conviction for sale of methamphetamine and was properly admitted to show intent. *Id.* at 351-52 (¶16). I find that the same common-sense approach should apply in this case.

¶23. Additionally, I find no abuse of discretion in the trial court's determination that the probative value of Levi's prior convictions was not substantially outweighed by any

---

[4] The majority cites *Mitchell v. State*, 110 So. 3d 732 (Miss. 2013), as support for the proposition that Levi's simple possession conviction was admitted at trial in error. I find, however, that *Mitchell* is distinguishable. To be sure, the supreme court in *Mitchell* did find that the trial court committed reversible error by allowing defendant's prior possession convictions to be admitted at his trial for possession of cocaine with intent to distribute. *Id.* at 735 (¶14). But the supreme court's decision on this point was based on its specific recognition that "none" of the Rule 404(b)(2) exceptions to Rule 404(b)(1) "[were] contested in [the defendant's] case." *Id.* at 734 (¶10). That is not the situation here. Levi's defense was that the drugs found in Stanton's apartment were not his, so I find that Levi's "intent" to possess the drugs, as well as his "knowledge" of what was in his possession, was relevant in this case. I find that *McDonald v. State*, 130 So. 3d 102 (Miss. Ct. App. 2013), also cited by the majority, is distinguishable for the same reason.

12

prejudice, particularly in this case when, as noted, Levi's defense was that the drugs were not his. I also find it relevant that the trial court gave the jurors an appropriate limiting instruction to consider Levi's prior convictions only as "an effort to prove intent and knowledge" and specifically instructed them that they "cannot and must not" consider this evidence in determining whether the "defendant is guilty or not guilty of the charges for which he is presently on trial." That instruction further provided, "Also, you are instructed not to infer that the defendant acted in conformity with his previous acts." The trial court also instructed the jurors on the meaning of "intent," as follows: "'Intent' means to have the purpose to do that which the law prohibits. In this case, the law prohibits the possession and distribution of methamphetamine and cocaine." Because "our law presumes that jurors follow the trial judge's instructions," it is appropriate to presume that the jurors in this case limited their use of the evidence of the prior possession conviction to considering Levi's intent and knowledge to commit the crimes charged. *Robinson v. State*, 247 So. 3d 1212, 1233 (¶51) (Miss. 2018).

¶24. For these reasons, I find no abuse of discretion in the trial court's decision to admit Levi's prior conviction for possession of cocaine at trial.

¶25. Lastly, I find that even if the trial court erred in admitting the prior conviction for simple possession of cocaine, that error was harmless. On this point, I agree with the majority that the error would be harmless given that "the trial court did not abuse its discretion by admitting Levi's 2015 conviction for possession of cocaine with the intent to distribute, his 2013 conviction for selling cocaine, and his 2002 convictions for selling

13

cocaine and transferring marijuana." Maj. Op. at ¶16. As the majority notes, because "all those convictions were admitted for proper purposes under Rule 404(b), it is inconceivable that Levi suffered any marginal undue prejudice because the jury heard that he had also been convicted of *simple* possession of cocaine in 1997." *Id.*

¶26. Unlike the majority, however, I also find that any error would be harmless in light of the overwhelming evidence establishing Levi's guilt. "[E]rrors in the admission of evidence are subject to a harmless-error analysis." *Pittman v. State*, 385 So. 3d 1205, 1208 (¶13) (Miss. 2024). "Where it is clear beyond a reasonable doubt that the error did not contribute to the verdict, we need not reverse the conviction." *Id.* (internal quotation mark omitted).

¶27. In this case, Master Sergeant Jackson testified that Levi saw her as she was let into the apartment and announced "Brookhaven Police." Levi "freaked out," and ran to the back of the one-bedroom apartment. Stanton testified that she saw Levi "st[i]ck the drugs" under some towels in the hallway closet, and she led Master Sergeant Jackson to where she saw Levi hide them. Under some towels, Master Sergeant Jackson collected digital scales, a Tupperware container containing multiple baggies of drugs and a bag of methamphetamine concealed in folded paper. In total, Levi possessed 0.4 grams of cocaine and 4.38 grams of methamphetamine.

¶28. The jury also heard Master Sergeant Jackson testify about her experience working on various narcotics task forces for seventeen years and her testimony about the amount of drugs sold by "lower-level drug dealers." She testified that "lower-level drug dealers sell a half a gram, a tenth of a gram, two grams, and I would say, on average, close to a gram." She also

14

testified that it is not unusual for scales to be found with drugs because they are "used to weigh narcotics out for sale."

¶29. Additionally, the jury heard the testimony from both Stanton and Hayes that the drugs and paraphernalia were not theirs and that they each had bought cocaine from Levi at or near the time of his arrest. Stanton specifically testified that she had recently bought cocaine from Levi and had paid him for the cocaine the day before the arrest.

¶30. Based on this evidence, I find that there was sufficient overwhelming evidence for the jury to have found Levi guilty of possession with intent to distribute methamphetamine and cocaine, and, at minimum, the State proved that Levi possessed the drugs to support the jury's possession convictions. As such, even if the trial court erred in admitting Levi's prior conviction for simple possession of cocaine, it was harmless beyond a reasonable doubt.

**SMITH AND EMFINGER, JJ., JOIN THIS OPINION.**