# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CP-01322-SCT

*SEDRIC Q. SUTTON a/k/a SEDRIC SUTTON a/k/a*
*CEDRIC QUINTORUS SUTTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/2020 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| TRIAL COURT ATTORNEYS: | RHONDA C. COOPER |
| | LEE DAVIS THAMES, JR. |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SEDRIC Q. SUTTON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DREW DOUGLAS GUYTON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 02/03/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Sedric Sutton seeks compensation under Mississippi Code Sections 11-44-1 to -15 (Rev. 2019), Compensation to Victims of Wrongful Conviction and Imprisonment, after his conviction of possession of a controlled substance with intent to distribute was vacated by this Court. He argues that his conviction was reversed on grounds not inconsistent with innocence and that the crime he committed was not a felony. Because Sutton failed to demonstrate a genuine issue of a material fact, we affirm the decision of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶2.     A confidential informant disclosed to the Washington County Sheriff's Department that stolen items were located at 331 Muscadine Street in Greenville, Mississippi. The sheriff's department then obtained a search warrant for stolen items. As a result of the search, law enforcement detained Sutton and found $4,995 in cash, a handgun, two digital scales, and, on Sutton's person, sixty pills of hydrocodone in a plastic bag. Sutton subsequently signed and filed a petition to enter a guilty plea, admitting to the crimes of possession of a controlled substance and felon in possession of a firearm. However, Sutton was ultimately tried before a jury.

¶3.     On May 26, 2016, a Washington County jury convicted Sutton of the possession of a Schedule III controlled substance with intent to distribute.[1] On June 1, 2016, the trial judge sentenced Sutton as a habitual offender to serve the maximum sentence of fifteen years in the Mississippi Department of Corrections. Sutton appealed his conviction and, on March 15, 2018, this Court found that "[a]ll of the State's evidence in the case stemmed from an unconstitutional search pursuant to an invalid warrant which failed adequately to describe the property to be seized by the executing officers." *Sutton v. State*, 238 So. 3d 1150, 1153 (Miss. 2018). The warrant had described the property to be seized as "stolen property." *Id.* at 1157. This Court found that "[t]he description 'stolen property' is no description." *Id.*

---

[1]Sutton was acquitted of the felon in possession of a firearm count.

(internal quotation mark omitted). Therefore, this Court reversed Sutton's conviction and vacated his sentence. *Id.* at 1153.

¶4.     On April 10, 2018, the trial judge entered an order of nolle prosequi. Sutton filed a complaint for wrongful conviction and imprisonment under Mississippi Code Sections 11-44-1 to -15. Section 11-44-1 provides that "innocent persons who have been wrongly convicted of felony crimes and subsequently imprisoned have been uniquely victimized, have distinct problems reentering society, and should be compensated." Miss. Code Ann. § 11-44-1 (Rev. 2019).

¶5.     The State filed a motion to dismiss and/or for summary judgment and argued that, because Sutton had admitted to the crime of possession of a controlled substance, he was not innocent and could not recover under the statute.

¶6.     The trial court granted the State's motion for summary judgment and found that Sutton had "failed to create a genuine issue of material fact by a preponderance of the evidence that he did not commit the felon[y] for which he was sentenced or that the acts or omissions for which he was sentenced did not constitute a felony." The trial court found that Sutton's conviction had been reversed based on insufficient language in the search warrant and not on grounds not inconsistent with innocence; therefore, his claim was insufficient for compensation under the wrongful conviction act.

¶7.    Sutton, pro se, appeals the trial court's decision and raises two issues: 1) whether his conviction was reversed on grounds not inconsistent with innocence; and 2) whether the acts for which he was sentenced constituted a felony.

**ANALYSIS**

¶8.    "The decision of a circuit court to grant or deny a summary judgment is reviewed *de novo*." *Tipton v. State*, 150 So. 3d 82, 84 (Miss. 2014) (citing *Poppenheimer v. Est. of Coyle*, 98 So. 3d 1059, 1062 (Miss. 2012)). Additionally, unlike in a criminal case, "the plaintiff in a civil action seeking damages from the State for his wrongful conviction bears the burden of proof." *Isaac v. State*, 187 So. 3d 1009, 1012 (Miss. 2016) (citing Miss. Code Ann. § 11-44-7(1) (Rev. 2012)).

**I.     Whether Sutton's conviction was reversed on grounds not inconsistent with innocence.**

¶9.    Mississippi Code Section 11-44-3 provides that

> (1) In order to present an actionable claim for wrongful conviction and imprisonment under this chapter, a claimant must establish by documentary evidence that:
>
>> (a) The claimant had been convicted of one or more felonies and subsequently sentenced to a term of imprisonment and has served all or any part of the sentence;
>>
>> (b) On grounds not inconsistent with innocence:
>>
>>> . . . .
>>>
>>> (ii) The judgment of conviction was vacated and/or reversed;

4

> (c) If there was a vacatur or reversal, either the accusatory instrument was dismissed or nol prossed; . . . .

Miss. Code Ann. § 11-44-3(1) (Rev. 2019). Therefore, in order to bring a wrongful conviction claim, Sutton must first establish that his conviction was reversed "[o]n grounds not inconsistent with innocence[.]" Miss. Code Ann. § 11-44-3(1)(b) (Rev. 2019). The State argues that Sutton cannot establish this prerequisite because this Court reversed Sutton's conviction not on innocence grounds but based on an evidentiary sanction. Therefore, the State contends that Sutton is ineligible to bring a wrongful conviction compensation claim.

¶10.    "The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" ***Davis v. United States***, 564 U.S. 229, 236, 131 S. Ct. 2419, 2426, 180 L. Ed. 2d 285 (2011) (quoting U.S. Const. amend. IV). It requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. However, "[t]he amendment says nothing about suppressing evidence obtained in violation of this command." ***Davis***, 564 U.S. at 236. "Exclusion is 'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search." ***Id.*** (quoting ***Stone v. Powell***, 428 U.S. 465, 486, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976)). The sole purpose of the exclusionary rule is to "deter future Fourth Amendment violations." ***Id.*** at 236-37. Therefore, the United States Supreme Court has "limited the rule's operation to situations in which this purpose is

'thought most efficaciously served.'" *Id.* at 237 (quoting *United States v. Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974)). This is because

> Exclusion exacts a heavy toll on both the judicial system and society at large. It almost always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence. And its bottom-line effect, in many cases, is to suppress the truth and set the criminal loose in the community without punishment. Our cases hold that society must swallow this bitter pill when necessary, but only as a "last resort."

*Id.* (citations omitted). This Court follows the decisions of the United States Supreme Court in construing the Fourth Amendment. *Isaacks v. State*, 350 So. 2d 1340, 1343 (Miss. 1977).

¶11.    In Sutton's case, this Court found that "[a]ll of the State's evidence in the case stemmed from an unconstitutional search pursuant to an invalid warrant which failed adequately to describe the property to be seized by the executing officers." *Sutton*, 238 So. 3d at 1153. Therefore, the evidence seized as a result of the illegal search was subject to the exclusionary rule. This Court previously has stated that "[w]hen evidence is obtained in violation of the Fourth Amendment, a judicially-created exclusionary rule typically precludes use of the evidence in any criminal proceedings against one subjected to an illegal search and seizure." *Baker v. State*, 802 So. 2d 77, 79 (Miss. 2001) (citing *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961)). The State emphasizes this Court's statement that the evidence is excluded "in any criminal proceedings" and argues that the instant case is civil. It contends that the defective search warrant did not erase the existence of the inadmissible evidence. We agree. While the Fourth Amendment requires that this Court ignore the evidence in a criminal prosecution, the same is not required when looking at the

6

threshold requirements under the wrongful conviction statute. Excluding the evidence in Sutton's wrongful imprisonment suit would not serve the purpose of the exclusionary rule. Therefore, this Court is not required to ignore the evidence collected as a result of the search in this case.

¶12.    Further, the United States Supreme Court has noted that there is a difference between factual innocence and legal insufficiency. ***Bousley v. United States***, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Sutton's conviction was reversed based on legal insufficiency. Sutton admitted to the possession of a scheduled substance without a prescription. The search also revealed a significant amount of cash, two digital scales, and a firearm. Accordingly, Sutton's conviction was not reversed on grounds not inconsistent with innocence. *See* ***Coyle v. State***, 492 P.3d 366, 374 (Colo. App. 2021) ("Convictions that are reversed only because of procedural or evidentiary errors or structural deficiencies at trial that could be consistent with actual innocence but lack any connection to it (i.e., lack a tendency to show actual innocence) would be insufficient to support a petition under the Act."); ***Peterson v. Commonwealth***, 85 N.E.3d 965, 970 (Mass. 2017) ("Peterson's conviction was overturned because of the improper denial of his pretrial motion to suppress the knife obtained during the unjustified exit order. Reversal on this basis is not probative of the proposition that Peterson did not commit the crime for which he was convicted."). The reversal of a criminal conviction based on an evidentiary sanction does not meet the threshold requirement under Section 11-44-3(1)(b).

¶13.    The purpose of the wrongful conviction statute is to compensate "innocent people who are wrongfully convicted." Miss. Code Ann. § 11-44-1. This is because of the "particular and substantial horror of being imprisoned for a crime one did not commit . . . ." *Id.* However, Sutton's conviction was reversed because of a defective search warrant. Therefore, the trial court did not err by granting the State's motion for summary judgment on this issue.

**II.    Whether the acts for which Sutton was sentenced constituted a felony.**

¶14.    Sutton additionally argues that, although he admitted to the possession of hydrocodone without a prescription, the State failed to prove that he had the intent to distribute. Therefore, he avers that the acts for which he was sentenced constituted a misdemeanor and not a felony.

¶15.    Mississippi Code Section 11-44-7(1) provides that

> (1) In order to obtain a judgment under this chapter, a claimant must prove by a preponderance of the evidence that:
>
> > (a) He was convicted of one or more felonies and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and
> >
> > > (i) He has been pardoned for the felony or felonies for which he was sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or
> > >
> > > (ii) His judgment of conviction was reversed or vacated; and
> > >
> > > > 1. The accusatory instrument was dismissed or nol prossed; . . . .
> > > >
> > > > . . . .

8

(b) He did not commit the felony or felonies for which he was sentenced and which are the grounds for the complaint, or the acts or omissions for which he was sentenced did not constitute a felony; . . . .

Miss. Code Ann. § 11-44-7(1) (Rev. 2019).

¶16.    Law enforcement found on Sutton's person sixty dosage units of a Schedule III controlled substance. Mississippi Code Section 41-29-139(c)(3)(A) provided that "less than fifty (50) grams or less than one hundred (100) dosage units is a misdemeanor . . . ." Miss. Code Ann. § 41-29-139(c)(3)(A) (Rev. 2018). However, because law enforcement found approximately five thousand dollars in cash, two digital scales, and a handgun, in addition to the pills, Sutton was indicted and convicted of a felony pursuant to Section 41-29-139(a)(1). Section 41-29-139(a)(1) provides that "it is unlawful for any person knowingly or intentionally: (1) To sell, barter transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance . . . ." Miss. Code Ann. § 41-29-139(a)(1) (Rev. 2018).

¶17.    The evidentiary burden lies with Sutton; therefore, he was required to show a genuine issue of material fact by a preponderance of the evidence that he did not commit a felony. Because Sutton avers that he possessed the hydrocodone for personal use, he argues that the acts for which he was sentenced constituted a mere misdemeanor. "The intent to sell or distribute contraband, however, may be established by circumstantial evidence." *Holland v. State*, 656 So. 2d 1192, 1195 (Miss. 1995) (citing *Jowers v. State*, 593 So. 2d 46, 47 (Miss. 1992)). "Where the contraband is present in an amount which a person could reasonably hold

for personal use, other evidence of possible involvement in the drug trade may be sufficient to establish intent." ***Jowers***, 593 So. 2d at 47 (citing ***Breckenridge v. State***, 472 So. 2d 373, 378 (Miss. 1985)).

¶18.    Although in a criminal trial, Sutton would be entitled to a presumption of innocence, in this case it was Sutton's burden to prove his innocence of the intent to distribute by a preponderance of the evidence. Sutton failed to show a genuine issue of material fact on this issue. At the Muscadine house, law enforcement discovered "$4,995 in cash in Sutton's black waist pack[,]" in addition to "a 9 mm handgun in a black holster 'located inside the wall between the threshold of the dining room and the living room area.'" ***Sutton***, 238 So. 3d at 1153. "Additionally, Officer Smith found two digital scales—one small and one large—in the dining room." ***Id.*** at 1153-54. We find no merit in Sutton's argument that he possessed the hydrocodone pills for ongoing medical ailments. It is undisputed that Sutton lacked a prescription for the hydrocodone. Further, this argument fails to show a genuine issue of material fact that Sutton did not commit a felony.

¶19.    Sutton also argues that his trial counsel was ineffective for the failure to investigate Sutton's medical history and that he was denied due process because he did not have expert testimony. However, these arguments are inappropriate for this appeal.

## CONCLUSION

¶20.    Because Sutton's conviction was not reversed on grounds not inconsistent with innocence and because Sutton failed to present sufficient evidence that his actions constituted

a misdemeanor rather than a felony, we affirm the trial court's grant of summary judgment in favor of the State.

¶21.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**